**Leonard A. DONAHUE,
Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD33684.**

Missouri Court of Appeals,
Western District.

June 14, 1983.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and Denied
Aug. 2, 1983.

Application to Transfer Denied
Sept. 20, 1983.

James W. Fletcher, Public Defender, Kansas City, Gary L. Gardner, Asst. Public Defender, for movant-appellant.

John Ashcroft, Atty. Gen., Jefferson City, Kristie Green, Asst. Atty. Gen., for respondent.

`Before LOWENSTEIN, P.J., and WASSERSTROM and MANFORD, JJ.

WASSERSTROM, Judge.

The movant Donahue appeals from a denial of his motion for post conviction relief under Rule 27.26. We hold: (1) Donahue entered the questioned guilty plea intelligently and knowingly; (2) the state did not breach the plea bargain with movant in such a substantial respect as to require relief; and (3) if there was a breach by the state, any such breach was waived by Donahue.

In June 1978 Donahue was convicted by a jury in case CR78–0331 and was sentenced by Judge Bondurant to 10 years imprisonment. Thereafter in October 1978 Donahue was found guilty by a jury in case CR77–1486 and was sentenced by Judge Mason to 25 years on one count, 5 years on a second count and 5 years on a third count, all those sentences to run concurrently and all to run concurrently with the sentence which had been entered by Judge Bondurant in case CR78–0331.

The conviction in CR78–0331 was appealed and reversed. In December 1979 the case came before Judge Levitt on remand, and Donahue pleaded guilty. Pursuant to plea bargain, Judge Levitt entered sentence of 7 years which was to run concurrently with the sentence in CR77–1486. At the time of that proceeding before Judge Levitt, the following questions were asked of Donahue and the following answers given:

"Q  Now, do you understand what the plea bargain arrangement is in this case?

A  Yes, sir.

Q  Would you state that?

A  Seven years.

Q  You understand that the state is going to recommend a sentence of seven years?

A  Yes, sir.

Q  And it is to run concurrent with case No. CR77–1486?

A  Yes, sir.

Q  That's the case on appeal also?

A  That's right.

Q  And you understand, at least, you are expecting that that case will also be reversed?

A  Yes, sir.

Q  Should you be convicted on that case, do you understand the plea bargain agreement is that this seven year sentence will run concurrently with any conviction that may occur from that, from CR77–1486?

A  Yes, sir."

As had been expected, case CR77–1486 was reversed on appeal. In October 1980 that case came before Judge Peters on remand. Not only had Judge Peters replaced Judge Mason, but in addition there was a new assistant prosecutor and a new defense counsel. These lawyers, newly in the case, negotiated for a plea bargain and the state offered to accept a sentence of 10 years to run consecutive to that which had been entered by Judge Levitt in 1979. Mr. Gepford, the defense counsel, reported this offer to Donahue, and Donahue testified at the 27.26 hearing that the following conversation then occurred:

"Lawrence Gepford called me by the phone in the Jackson County jail and told me that I was to be—that the deal was I could get a sentence run concurrent. I told him that wasn't the bargain that I made when I pleaded guilty before you.

MR. LOCKE: You mean consecutive, Mr. Donahue?

THE DEFENDANT: Yeah, I mean consecutive. When he came to visit me in the county jail he said the bargain by the State was that I be given a sentence run consecutive. I told him, I said that wasn't the deal; the deal that I made before Judge Levitt was that whatever I get that I will be sentenced to a concurrent sentence. So he said, 'All right, I will go down there and talk to the prosecutor and the judge.'

He came back and said that the State said that they wasn't bound by no agreement that I made in another court, so at that time I was somewhat confused. I asked him what should I do. He said that, 'I can get you ten years or you go back to trial.' He said, 'My advice to you is that you take the ten years,' and by him being my lawyer, when I went before Judge Peters I went according to the advice that I was given by my lawyer, not according to my own advice but the advice I was given by Lawrence Gepford and that is the only reason why."

Thereafter Donahue was taken before Judge Peters and pleaded guilty pursuant to the new plea bargain. Gepford questioned Donahue extensively concerning Donahue's understanding of the plea and the voluntariness thereof. One of those questions and answers went as follows:

"Q. And you understand that the plea bargain agreement is a sentence of ten years, consecutive to the seven years you received in another case?

A. Yes."

After Gepford had completed his questioning, Judge Peters asked still additional questions, in part as follows:

"Q. Now, you understand that if the Court accepts your plea of guilty and follows the plea bargain agreement you will receive a sentence of ten years, which will be consecutive to the sentence of seven years imposed in another case? Do you understand that?

A. Yes.

. . . .

Q. And has your plea been freely and voluntarily made?

A. Yes."

At no time during these plea proceedings before Judge Peters did Donahue make any reference to his understanding of the agreement made in 1979 that the seven year sentence in case CR78–0331 should run concurrently with whatever sentence might be imposed after reversal and remand of case CR77–1486. Donahue made no complaint

whatsoever at that time that the proposed entry of a consecutive sentence by Judge Peters would constitute a violation of the 1979 understanding.

In December 1980 Donahue filed the present 27.26 motion to set aside the conviction and sentence in CR78–0331. His contention contained in the motion filed in the circuit court was that the court had erred when it failed to keep the 1979 plea bargain. His counsel argued to Judge Levitt that under that bargain Donahue was entitled to a sentence in CR77–1486 of 10 years to run concurrently with the 7 year sentence in CR78–0331, so that he would have a total of only 10 years to serve. Judge Levitt overruled the 27.26 motion, holding that the ruling made in 1979 that the sentence in CR78–0331 was concurrent with that in CR77–1486 pertained only to the sentence entered in 1978 by Judge Mason; that after Judge Mason's sentence was set aside on appeal the only sentence outstanding was that of 7 years entered by Judge Levitt; that Judge Peters therefore had a free hand to enter a judgment free of restriction by any prior judgment; that Donahue had entered into the 1980 plea bargain freely and voluntarily and was now estopped to pursue the present motion.

On this appeal, Donahue offers a single Point Relied On which differs from the ground of the motion and the supporting argument which was made in the trial court. While he still insists that he should have a total time to serve of only 10 years, the reason he now offers for that conclusion is as follows:

"Appellant's plea of guilty to robbery in the first degree in CR78–0331 was involuntary, unknowing, and unintelligent, because appellant believed at the time of the plea that any sentence he would receive in the future upon remand of CR77–1486, a case then on appeal, would be served concurrently with the sentence in CR78–0331."

With respect to Donahue's argument made in this court, his position cannot be maintained. He had no expectation other than the understanding to which he testi-

fied he had reached with the prosecutor. The court's 1979 ruling with respect to sentences running concurrently related only to the sentence in CR77–1486 which had at that time already been entered by Judge Mason. Judge Levitt could not and did not purport in October 1979 to make the sentence entered by him cover any future sentence which might be entered if CR77–1486 turned out to be reversed.

As to that latter eventuality, Donahue necessarily relied solely on the commitment of the prosecuting attorney's office. Indeed that plainly appears on the face of the plea proceedings before Judge Levitt in December 1979 when the following question was asked of Donahue and he made the following answer:

"Q. Has anyone made any promises other than the promise Mr. McKenzie [the assistant prosecuting attorney] has indicated he will make as far as the recommendation to this court?

A No, they haven't."

If Donahue has any complaint, his complaint must be that the prosecution violated the 1979 agreement, which is precisely the argument which Donahue advanced in the trial court on the 27.26 hearing.

■ Addressing now that trial court contention, that argument by Donahue must also be rejected. We infer from Donahue's testimony at the 1979 plea hearing and the prosecution's silence in the face of that testimony that there was an agreement that any new sentence entered in CR77–1486 on remand would be concurrent with the 7 year sentence in CR78–0331. Furthermore, whether or not the new assistant prosecuting attorney who appeared before Judge Peters knew about that agreement was immaterial. The right hand of the prosecutor's office must be held to know that which the left hand is doing or has done. Therefore, if the prosecutor's office failed to comply with the 1979 plea commitment in any material respect, then Donahue would be entitled to appropriate relief. *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); *Schellert*

*v. State,* 569 S.W.2d 735, 378 (Mo. banc 1978).

The prosecution, however, was not guilty of breach of the 1979 plea bargain in any substantial respect. The most that Donahue could rightly expect was that whatever sentence would be entered in CR77–1486 would run concurrently with the old 7 year sentence. So if the prosecution had offered Gepford a sentence of 17 years to run concurrently with the old 7 year sentence, Donahue could not complain of that as being in any way violative of the 1979 understanding. All he could do would be to either accept or else refuse and go to trial. Yet the result of this suggested alternative offer would have precisely the same result as the offer actually made of 10 years plus 7 years consecutively.

If Donahue had so much as mentioned to Judge Peters the 1979 agreement, Judge Peters could and probably would have refused the deal presented unless restructured in terms of 17 years and 7 years to run concurrently. That would have put Donahue to exactly the same choice which he did in fact have presented to him. It thus can be seen that the difference between 10 years and 7 years consecutively as against 17 years and 7 years to run concurrently is purely mechanical and of no real significance.

■ In any event, even if it could be said that the prosecution breached the 1979 agreement, defendant waived any such breach. There is no doubt that any default in the performance of a contract may be waived. 17 Am.Jur.2d, Contracts Section 447 (1964); 7A Mo. Digest, Contracts Key No. 316 (1952). Such a waiver did occur here. We can assume that Donahue did complain early on to his own lawyer Gepford and that Gepford in turn passed on the complaint to the assistant prosecutor (although all we have for that is the unsupported word of Donahue, which the trial judge was privileged to disbelieve). Even so, Donahue did recede from his initial complaint and did agree to the new deal under which he was to receive a new 10 year sentence to run consecutively to that of the

old 7 year sentence. When he came into open court, he made no mention of the old 1979 agreement, nor did he make any complaint of any breach of that agreement. He admitted to Judge Peters that he understood the new sentence to be consecutive and he further testified that his plea, in contemplation of that new sentence, was being made freely and voluntarily.

It is easy to understand why Donahue was willing to make the 1980 deal. The result of that new bargain was to reduce the total time which he was to serve from the old total of 25 years to a new total of 17 years, a reduction of eight years. He was content at the time of his appearance before Judge Peters to receive the benefit of that reduction, but he now deems himself safe to seek still an additional reduction of seven years based on the flimsiest type of technicality. We agree with the apt comment made by Judge Levitt toward the conclusion of the 27.26 hearing: "All the rights are not with the defendant. I believe that the State has some rights also . . . [I]t is clear from the record in this case that Mr. Donahue knew exactly what he was doing and that what he was doing was beneficial to him and that now he wants to secondguess this whole thing . . . ."

In order to reverse the denial of the 27.26 motion, we would have to find that "the findings, conclusions, and judgment of the trial court are clearly erroneous." Rule 27.-26(j). We conclude that the judgment of the trial court was not erroneous at all, much less clearly so.

Affirmed.

All concur.