Jack Wayne OSSANA, Movant,

v.

STATE of Missouri, Respondent.

No. 49503.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 20, 1985.

Motion for Rehearing and/or Transfer
Denied Oct. 17, 1985.

William J. Shaw, Clayton, for movant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Judge.

Movant, Jack Wayne Ossana, appeals from the denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

Movant pled guilty, pursuant to a plea agreement, and was sentenced on May 2, 1984, to concurrent terms of imprisonment of 15 years for burglary first degree; 25 years for assault first degree; 25 years for armed criminal action; and 15 years for attempted rape. Section 558.026.1, RSMo (Supp.1984), however, specifies that the sentence of imprisonment for attempted rape, inter alia, shall run consecutively to sentences for other offenses arising from the same occurrence. As a consequence, defendant was resentenced in accordance with that statute on May 31, 1984, to 10 years for attempted rape and 15 years respectively for assault, burglary and armed criminal action. The 15-year sentences were to be served concurrent to each other and consecutive to the 10-year sentence for a total of 25 years imprisonment.

Before considering movant's contention on appeal, it is necessary to address the validity of his first sentences as well as the power of the court to resentence him at a later date. The original sentences were in violation of § 558.026.1, which reads in pertinent part: "the sentences of imprisonment imposed for the other offenses may run concurrently, but the sentence of imprisonment imposed for the felony of rape, forcible rape, sodomy, forcible sodomy or an attempt to commit any of the aforesaid *shall run consecutively* to the other sentences." (Emphasis added.) Contrary to this statute, movant's original sentences provided that the 15-year sentence for attempted rape run concurrently with the other sentences. Movant's first sentencing was therefore invalid.

We now consider the trial court's jurisdiction to resentence movant. In a criminal prosecution, the trial court loses jurisdiction to alter a final judgment and sentence after it has been rendered. *State ex rel. Wagner v. Ruddy*, 582 S.W.2d 692, 695 (Mo. banc 1979). In order to constitute a final judgment, it is axiomatic that the sentence not be contrary to law. Since the original sentences in this case did not comply with the statute, the trial court did not exhaust its jurisdiction until it rendered sentences in accordance with the law.

On appeal, movant claims ineffective assistance of counsel because of his attorney's failure to request a withdrawal of his guilty plea at the resentencing hearing. He asserts that, although his total sentence remained the same (25 years), the multiple sentences initially imposed ran concurrent-

ly while the sentences imposed later ran consecutively and, therefore, the original plea agreement was not honored.

Review of a denial of a motion pursuant to Rule 27.26 is guided by two principles. First, movant has the burden to establish his grounds for relief by the preponderance of the evidence. Rule 27.26(f). Second, review is limited to determining whether the findings, conclusions and judgment of the trial court are clearly erroneous. Rule 27.26(j).

*Schellert v. State,* 569 S.W.2d 735 (Mo. banc 1978) sets forth the standards relating to plea agreements. These standards are embodied in Rule 24.02(d).

In this case, we need only decide the narrow issue of whether or not the sentencing court breached the plea agreement. On May 2, 1984, movant received two sentences of 25 years and two sentences of 15 years, all of which were to run concurrently. Movant was resentenced to one 10-year sentence to run consecutively to three concurrent 15-year sentences. Even though the sentences were restructured, the net result of 25 years was precisely what movant had bargained for. In *Donahue v. State,* 655 S.W.2d 642 (Mo.App.1983), the court held that a similar realignment of sentences was not violative of the plea bargain because "the difference between 10 years and 7 years consecutively as against 17 years and 7 years to run concurrently is purely mechanical and of no real significance." 655 S.W.2d at 645. Movant argues in his brief that "it could take longer to make parole." This is sheer conjecture on the part of movant and is unsupported by citation to either case law or statute. Further, the trial court in its conclusions of law stated that "[t]he resentencing led to the result anticipated during plea negotiations." Using the appropriate standard of review the conclusion of the court was not clearly erroneous.

The judgment of the trial court is affirmed.

DOWD, P.J., and CRIST, J., concur.