**Ronnie Lee McCABE, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 50936.

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 28, 1986.

Motion for Rehearing and/or Transfer
Denied Dec. 3, 1986.

Application to Transfer Denied
Jan. 13, 1987.

J. Steven Erickson, Shawn A. Goulet, Asst. Public Defenders, Clayton, for appellant.

William L. Webster, Atty. Gen., Patrick Merriman, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals from the dismissal, without an evidentiary hearing, of his 27.26 motion. We affirm.

On January 11, 1985, movant was sentenced to a fifteen-year term for a jury conviction of receiving stolen property. This sentence was to run consecutively with a fifteen-year sentence for a parole violation. On February 13, 1985, movant pled guilty to second degree burglary and stealing over $150.00 and waived his right to appeal the earlier conviction as part of a plea bargain. In return, movant was sentenced to two seven-year terms to run concurrently with the thirty years previously imposed.

Movant then filed his 27.26 motion claiming his waiver of appeal was involuntary based on his fear of receiving a sentence that would be served consecutively to the thirty years already imposed. This fear was supposedly based on the "somewhat misleading" advice of his attorney that the sentencing judge would "surely" go along with the recommendation of the prosecutor to make the sentences consecutive. Movant also claimed he was denied counsel because there was confusion over who would be his attorney for appeal and there were several errors in his trial.

In the findings of fact and conclusions of law prepared by the trial court in accordance with Rule 27.26(i), the judge clearly addressed all of these issues. In our review under Rule 27.26(j), we cannot say the trial court was clearly erroneous in finding the issues of voluntariness of the waiver and denial of counsel to be refuted by the record. The guilty plea record shows the movant knowingly and voluntarily pled guilty and waived his right to appeal after consultation with an attorney. The trial court correctly denied an evidentiary hearing on these issues. *Kline v. State*, 704 S.W.2d 721, 723 [4] (Mo.App. 1986).

As to the issues concerning error within the trial, the trial court was not clearly erroneous in finding these were inappropriate issues to review based on 27.-26(b)(3) which provides a 27.26 motion is not to be used as a substitute for a direct appeal. Since these were issues for a direct appeal and the appeal was waived, the motion was properly dismissed. *Bradford v. State*, 694 S.W.2d 760, 761 (Mo.App. 1985).

Judgment affirmed.

DOWD, P.J., and REINHARD, J., concur.