**STATE of Missouri, Respondent,**

v.

**Roy L. MORRIS, Appellant.**

**No. 68157.**

Supreme Court of Missouri, En Banc.

Nov. 18, 1986.

Thomas J. Marshall, Public Defender, Moberly, for appellant.

William L. Webster, Atty. Gen., Lee A. Bonine, Asst. Atty. Gen., Jefferson City, for respondent.

BILLINGS, Judge.

Defendant Morris was convicted of possession of marijuana on the premises of a correctional institution in violation of § 217.360, RSMo Supp.1984. He appealed his conviction to the Missouri Court of Appeals, Western District. That court, noting that the appeal involved a challenge to the constitutionality of § 217.360 and was thus within the exclusive appellate jurisdiction of this Court, transferred the case. Affirmed.

On July 1, 1984, defendant, an inmate in the Missouri Training Center for Men, a correctional institution, was found in possession of marijuana. Defendant waived his right to a jury and the court found defendant guilty of violating § 217.360 which prohibits possession of a controlled substance in or about the premises of a correctional institution.

Defendant first argues that § 217.360 violates the equal protection, due process, and cruel and unusual punishment clauses of the Missouri and United States Constitutions because it unfairly discriminates against inmates of correctional institutions. Identical constitutional challenges were considered and rejected in *State v. Bell*, 719 S.W.2d 763 (Mo. banc 1986).

Defendant's second point on appeal is that the trial court improperly allowed testimony concerning oral statements made by him after he had been given his *Miranda* warnings and he indicated that he did not want to make a statement and wanted to speak with an attorney. However, defendant continued speaking without any further questioning or prompting and made voluntary statements seeking to exonerate his girlfriend but also incriminating himself.

After an accused has invoked his right to remain silent he is not precluded from changing his mind and making a

statement. The law requires only that the statement be voluntary and with understanding of the *Miranda* rights. *State v. Harris*, 670 S.W.2d 526, 528–29 (Mo.App. 1984); *State v. Taylor*, 559 S.W.2d 35, 37 (Mo.App.1977). Similarly the request for counsel bars further interrogation until an attorney is present, unless the accused in the interim voluntarily initiates discussion. *State v. Bannister*, 680 S.W.2d 141, 147–48 (Mo. banc 1984) (citing *Edwards v. Arizona*, 451 U.S. 477, 484–85, 101 S.Ct. 1880, 1884–85, 68 L.Ed.2d 378 (1981)), *cert. denied*, 471 U.S. 1009, 105 S.Ct. 1879, 85 L.Ed.2d 170 (1985).

■ Here, the interrogation ceased immediately upon defendant's invocation of his *Miranda* rights. The subsequent statements made by defendant were unprompted and spontaneous. The Court finds these statements were freely and voluntarily made and not violative of defendant's *Miranda* rights.

Defendant's final point is that he was improperly sentenced. Defendant was found guilty on July 26, 1985, and the same day sentenced to four years of imprisonment. Because nothing was said in the order as to whether this sentence was to run consecutively to or concurrently with the sentence defendant was already serving, the sentence would have run concurrently by operation of law. *See* § 558.026, RSMo Supp.1984. On appeal, the July 26 sentence was found to be void because it had been rendered before the time had expired for defendant to file a motion for new trial. The court of appeals dismissed the appeal as premature and remanded the case for proper sentencing. On October 11, 1985, defendant was sentenced to four years imprisonment to run consecutively to defendant's other sentence. Defendant contends that the July 26 sentence was a final judgment and the trial court did not have jurisdiction to alter that sentence by ordering that it run consecutively.

■ A sentence that is contrary to the law cannot constitute a final judgment. *Ossana v. State*, 699 S.W.2d 72, 73 (Mo. App.1985). Because the original sentence here was found void because not entered in compliance with the law, it was not a final judgment. The trial court had jurisdiction to enter the October 11 sentence. *See also* 21 Am.Jur.2d *Criminal Law* § 583 (1981 and Supp.1986).

All concur.