Leonard A. DONAHUE, Appellant,

v.

Bill ARMONTROUT, Warden, Missouri State Penitentiary, Appellee.

No. 86–2600.

United States Court of Appeals, Eighth Circuit.

Submitted June 9, 1987.

Decided June 15, 1987.

---

Christopher C. Harlan, Asst. Federal Public Defender, Kansas City, Mo., for appellant.

Kelly Mescher, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before ARNOLD and MAGILL, Circuit Judges, and DUMBAULD,* Senior District Judge.

ARNOLD, Circuit Judge.

In this appeal the petitioner, a prisoner in state custody seeking federal habeas corpus relief, complains that a plea bargain under which he pleaded guilty to a certain offense has not been kept by the state. In 1979, Donahue pleaded guilty to robbery in the first degree and was sentenced to seven years' imprisonment. The sentencing court stated that the seven years would be served concurrently with any sentence imposed in another case which was then on appeal. In this second case, Donahue had been convicted of robbery in the first degree, armed criminal action, and assault with intent to kill without malice aforethought, and had been sentenced to a total of 25 years.

In the event, the conviction in the second case was reversed, and the case remanded for further proceedings. On remand, Donahue pleaded guilty and was sentenced to ten years, but the sentencing court specified that this time would be consecutive to the seven years that Donahue was already serving as a result of his conviction in the first case. Thus, the precise terms of the plea bargain in the first case, which specified that any sentence imposed there would be concurrent with any sentence imposed in the second case, were not adhered to.

We are nevertheless convinced that Donahue has not been treated unfairly, and that the Due Process Clause of the Fourteenth Amendment has not been offended. We have nothing of substance to add to the opinion of the able District Judge.[1] The fact is that, when Donahue pleaded guilty in the second case, he was fully aware that the sentencing court intended to make its sentence consecutive to that which had been imposed in the first case, and he deliberately failed to bring to the attention of the sentencing court the terms of the plea bargain in the first case, terms that he now insists should be carried out to the letter. The Court of Appeals of Missouri, Western District, in rejecting the claim which Donahue now asserts before us, observed that, had Donahue brought the strict terms of the plea bargain in the first case to the attention of the sentencing judge in the second case, the sentence in that case would probably have been 17 years, to run concurrently with the seven years already imposed, rather than ten years, to run consecutively to the seven years already imposed. 655 S.W.2d 642, 645 (Mo.App.1983). In all likelihood this observation was completely correct. In any event, the important fact is that Donahue, with full awareness of what was happening, withheld the knowledge of the earlier plea bargain from the sentencing court in the second case. He obviously believed that it was to his own interest to remain silent. We see no reason now to relieve him of the consequences of this decision, which was in all probability a correct calculation of his own best interests.

The case is fully analyzed in the opinion of the District Court, and we now affirm on the basis of that opinion. See 8th Cir.R. 14.

Affirmed.

---

* The Hon. Edward Dumbauld, Senior United States District Judge for the Western District of Pennsylvania, sitting by designation.

1. The Hon. John W. Oliver, Senior United States District Judge for the Western District of Missouri.