Kathleen Murphy Markie, Columbia, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before PRITCHARD, J., Presiding, and GAITAN and COVINGTON, JJ.

### ORDER

Sean D. O'Brien, Public Defender, and S. Dean Price, Asst. Public Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before PRITCHARD, P.J., and GAITAN and COVINGTON, JJ.

GAITAN, Judge.

George J. Ferina appeals the denial, following an evidentiary hearing, of his Rule 27.26 motion. Appellant now argues that the trial court clearly erred in denying relief because his guilty pleas were made involuntarily. We affirm.

On January 15, 1984, appellant and a companion were involved in hold-ups outside Topper's Market and Furr's Cafeteria. For the incidents at Topper's Market, ap-

**George J. FERINA, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 39046.**

Missouri Court of Appeals,
Western District.

Nov. 10, 1987.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 29, 1987.

pellant was charged in CR84–0339 with attempted robbery, assault, and two counts of armed criminal action. Later, the state filed charges against appellant in CR84–0101 for the crimes at Furr's Cafeteria, consisting of first degree robbery and armed criminal action.

On June 15, 1984, appellant pleaded guilty to attempted robbery and one count of armed criminal action in CR84–0339. The state dismissed the remaining charges in that case. During the guilty plea proceedings, Mimi Droll, an assistant special public defender, represented appellant. At the hearing, both parties agreed to allow the court to determine the punishment after receipt of a presentence investigation report. On August 22, 1984, the trial court sentenced appellant to concurrent terms of thirteen years' imprisonment for attempted robbery and five years' imprisonment for armed criminal action.

The state filed its information in CR84–0101 charging appellant with first degree robbery and armed criminal action on September 5, 1984. Afterwards, Fred Duchardt, counsel for appellant, filed a motion to dismiss those charges arguing that the state had promised not to file additional charges against appellant in exchange for his guilty plea in CR84–0339. The trial judge determined that the motion to dismiss CR84–0101 was the incorrect remedy, but gave appellant an opportunity to pursue a motion to withdraw his guilty plea in CR 84–0339. Appellant withdrew his motion to dismiss and pleaded guilty to both charges in CR84–0101 on June 7, 1985. Pursuant to a plea agreement, appellant received fourteen years' imprisonment for first degree robbery and ten years' imprisonment for armed criminal action. The trial court ordered that the two terms of imprisonment in CR84–0101 run concurrently with each other and concurrently with the sentence in CR84–0339.

In his Rule 27.26 motion, appellant sought to vacate his convictions and sentences in both CR84–0339 and CR84–0101. Appellant maintained that his guilty pleas were rendered involuntary by ineffective assistance of counsel. Appellant faulted Mimi Droll for misadvising him that the state would not file additional charges against him if he were to plead guilty in CR84–0339. According to appellant, Fred Duchardt was incompetent for failing to gain dismissal of CR84–0101.

At the evidentiary hearing, the parties stipulated that John Torrence, the Special Public Defender, would have testified that Ms. Droll related to appellant, prior to his guilty plea, that no other cases stemming out of the events of January 15, 1984, would be pursued if he were to plead guilty in CR84–0339. Appellant testified that he was railroaded into pleading guilty because his attorneys misled him. The hearing court in its Findings of Fact and Conclusions of Law determined that appellant's claims were refuted by the record.

In his sole point, appellant argues that the hearing court clearly erred in denying post-conviction relief. Appellant maintains that Ms. Droll's misadvice tainted the voluntariness of his guilty pleas in both CR84–0339 and CR84–0101.

The record before us reveals that appellant explicitly waived his right to challenge his guilty plea in CR84–0339.

At the guilty plea hearing in CR84–0339, the prosecutor twice stated that there was no plea bargain and explained that the parties had agreed to ask for a presentence investigation, to make recommendations as to the punishment, and to allow the court to determine the sentence. Appellant acknowledged his understanding and acceptance of those terms. The transcript of CR84–0339 contains no reference to any agreement not to file other charges.

At the proceedings in CR84–0101, appellant stated that he then understood that the prosecutor did not promise to forgo the filing of additional charges. However, appellant insisted that Ms. Droll had told him that no other cases would be filed. After extensive explanations of his alternatives by Mr. Duchardt and the trial judge, appellant decided to withdraw his motion to dismiss CR84–0101 and not to pursue a motion to withdraw his guilty plea in CR84–0339. The plea agreement in CR84–0101 provided for concurrent sentences for all

charges in both CR84–0101 and CR84–0339 in exchange for appellant's guilty pleas and withdrawal of his motion to dismiss CR84–0101. In accepting that agreement appellant stated:

> Well, I feel that this is the best deal I could possibly get due to the circumstances of my case, you know, and what would happen if I did go to jury trial, because due to the fact that I'm good for the crime, but that's why I'm pleading guilty is 'cause I'm good for the crime.

In response to Mr. Duchardt's inquiry, appellant stated that he understood that his acceptance of the plea agreement in CR84–0101 constituted a waiver of his rights to challenge the guilty plea in CR84–0339.

> MR. DUCHARDT: Do you understand, though, George, that by pleading guilty here, concerning this matter, whatever rights that you would have to pursue this whole matter, say, in the Appellate Court, or something like that, you would be waiving those rights. But it is my opinion as your attorney that there are further rights to pursue in this case; that the only alternative would be to ask Judge O'Leary to allow you to withdraw your guilty plea in the other case?
>
> A. [Appellant] Right. That's my understanding. I agree with that.

We are confronted with the issue of whether an accused can waive his right to challenge an allegedly involuntary guilty plea in a subsequent guilty plea, as a part of a plea bargain. While we find no Missouri cases on point, two cases present comparable factual situations involving waivers. In *Donahue v. State*, 655 S.W.2d 642 (Mo.App.1983), Donahue pleaded guilty in two cases, then later alleged that the prosecution breached its agreement, made in the first case, to recommend concurrent sentences in the second case. This court held that Donahue waived any breach of the plea agreement by accepting a new deal in the second case. *Id.* at 645–46. In *McCabe v. State*, 721 S.W.2d 110 (Mo.App. 1986), McCabe waived his right to appeal an earlier conviction as a part of a plea bargain in a subsequent case. *Id.* at 111. In both *Donahue* and *McCabe* the waivers were upheld because they were made voluntarily and knowingly.

By definition, a waiver is a voluntary, intentional relinquishment of a known right. BLACK'S LAW DICTIONARY 1417 (rev. 5th ed. 1979). Even a fundamental constitutional right may be waived if the waiver is voluntary, knowing, and intelligent. *State v. Curry*, 714 S.W.2d 798, 800 (Mo.App.1986). In the present case, the record clearly supports a finding that appellant voluntarily, knowingly, and intelligently relinquished his right to challenge the voluntariness of his first guilty plea. Appellant's express waiver occurred after he was informed of his rights, counseled on the available alternatives, and advised of the consequences. Appellant himself made the choice to accept the plea agreement which included the waiver. In making that decision, appellant commented that he was getting the best possible deal under the circumstances.

Because appellant's waiver was voluntary and intentional, the hearing court was not clearly erroneous in denying Rule 27.26 relief in either CR84–0339 or CR84–0101. The judgment is affirmed.

All concur.