Wilbur GLASS, Appellant,

v.

STATE of Missouri, Respondent.

No. 71781.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 9, 1997.

---

David Hemingway, Asst. Sp. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Gregory L. Barnes, Asst. Atty. Gen., Jefferson City, for respondent.

RHODES RUSSELL, Judge.

Wilbur Glass, Movant, appeals from the judgment denying his Rule 24.035 motion for post-conviction relief without an evidentiary hearing. We reverse and remand for an evidentiary hearing.

On March 17, 1992, Movant entered pleas of guilty to three counts of forgery in violation of section 570.090.1, RSMo [1] in Cause No. 91CR–5525, and to three additional counts of forgery in Cause No. 91CR–5819 (hereinafter referred to as the "91 cases"). As part of the plea bargain, the State dismissed six other counts of forgery and also agreed not to issue any new charges on checks written on the Trinity Temple Church account or Movant's personal account prior to March 17, 1992. The trial court sentenced Movant to concurrent terms of seven years imprisonment for each count. At Movant's request, he was sentenced under the terms of section 559.115, where he could request probation after serving 120 days of "shock" prison time. On June 30, 1992, the trial court released Movant from prison and placed him on five years' probation. At the State's request, the trial court reconsidered Movant's probation release, but did not change its opinion.

In September and October 1992, the State reindicted Movant in two separate cause numbers, Cause No. 92CR–4784 for three counts of forgery and Cause No. 92CR–5481 for one count of forgery (hereinafter referred to as the "92 cases"). It is not disputed that Cause No. 92CR–4784 reindicted Movant for three counts of forgery of which he had previously been convicted. The sole count of forgery in Cause No. 92CR–5481 charged Movant again with one of the counts the State had dismissed as part of the plea bargain in Cause No. 91CR–5819 on March 17, 1992.

Movant filed a motion to dismiss the 92 cases and enforce the plea bargain claiming that the charges had been dismissed as part of his plea bargain in the 91 cases. The Honorable Judge Litz denied the motion following argument, finding that Movant violated the terms of the plea bargain in the 91 cases by asking for probation. No evidence was presented on the motion.

Movant then pleaded guilty to the four counts of forgery in the 92 cases. The court sentenced him according to a plea agreement to concurrent terms of seven years imprisonment for each count. The court then suspended execution of the sentences and placed Movant on probation for five years. On August 12, 1994, the trial court revoked Movant's probation in both the 91 cases and the 92 cases.

Movant filed a Rule 24.035 motion for post-conviction relief in the 92 cases. The court granted the motion in part, setting aside the Movant's pleas of guilty to the three counts of forgery in Cause No. 92CR–4784. The motion court found those convictions violated the Double Jeopardy provision of the United States and Missouri Constitutions because they constituted the same charges to which Movant pleaded guilty in the 91 cases. The motion court then denied the remainder of

1. All statutory references are to the RSMo 1994.

Movant's motion without an evidentiary hearing and let the conviction in Cause No. 92CR–5481 stand. In denying it, the motion court relied upon the prior ruling by Judge Litz. Movant appeals, contending the motion court clearly erred in this denial.

■ Appellate review is limited to determining if the motion court's findings and conclusions are clearly erroneous. Rule 24.035(k). The findings and conclusions are clearly erroneous if, after reviewing the entire record, we are left with the definite and firm impression that a mistake has been made. *Day v. State,* 770 S.W.2d 692, 695–696 (Mo. banc 1989), *cert. denied sub nom. Walker v. Missouri,* 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989). Further, if the files and records conclusively show that Movant is entitled to no relief, then a hearing shall not be held. Rule 24.035(h). To be entitled to a hearing, Movant must: (1) cite facts, rather than conclusions, which would entitle him to relief; (2) show the factual allegations are not refuted by the record; and (3) prove he was thereby prejudiced. *Tolen v. State,* 934 S.W.2d 639, 641 (Mo.App. 1996).

■ In his sole point on appeal, Movant asserts the motion court clearly erred in failing to vacate his conviction in 92CR–5481. He avers the State agreed not to prosecute this offense in the plea bargain in the 91 cases and the State is bound by its plea agreement. He argues the record does not refute this claim and does not demonstrate that he breached the plea agreement.

We agree that the record before us does not indicate the exact nature of the plea agreement in the 1991 cases, whether or not it included a prohibition on requesting probation, or whether Movant breached that agreement by requesting probation. The motion court relied upon a prior ruling on the motion to dismiss by another judge, but no evidence was presented on that motion to dismiss. Therefore, it appears that the record does not refute Movant's claim. Further, the State appears to tacitly concede the issue in its brief, presenting no argument on the point.

However, in response to Movant's contention, the State argues that Movant waived his right to challenge his conviction on this ground when he voluntarily pleaded guilty to the charge in 92CR5481 after the trial court denied his motion to dismiss the charges. To support its arguments, the State primarily relies on two cases, *Donahue v. State,* 655 S.W.2d 642 (Mo.App.1983) and *Ferina v. State,* 742 S.W.2d 215 (Mo.App.1987).

In *Donahue,* 655 S.W.2d at 642, juries convicted Donahue in two separate cases, a 1977 case and a 1978 case. On appeal, the conviction in the 1978 case was reversed. *Id.* at 643. Donahue then pleaded guilty in the 1978 case and the sentence was to run concurrently with his 1977 sentence. *Id.* However, the 1977 conviction was subsequently reversed. *Id.* Pursuant to a new plea agreement, Donahue pleaded guilty in the 1977 case, with the sentence to run *consecutively* with his 1978 sentence. *Id.* at 644. He later argued the State had breached its plea agreement in the 1978 case for the sentence to run concurrently with the 1977 case. *Id.* The Western District of the Missouri Court of Appeals found that even if the State did breach its agreement in the 1978 case, Donahue had waived any breach by accepting the new plea agreement. *Id.* at 645.

In *Ferina,* 742 S.W.2d at 215, Ferina pleaded guilty in his first case to robbery and armed criminal action with the State dismissing other pending charges. After his plea and sentence, the State filed new charges. *Id.* at 216. Ferina filed a motion to dismiss the new charges based on his prior plea agreement. *Id.* After extensive discussion, Ferina withdrew his motion to dismiss as part of a plea bargain with the State and pleaded guilty to the new charges. *Id.* He later filed a motion for post-conviction relief seeking to withdraw his guilty plea, which was denied. *Id.* The Western District of the Court of Appeals found Ferina had waived his right to challenge his prior guilty plea when he voluntarily accepted a new plea agreement in the second case. *Id.* at 217.

These cases are distinguishable. In both of these cases, the record conclusively showed that the movants made informed and voluntary decisions to waive any breach by

the State and further, the post-conviction motions were denied after an evidentiary hearing. In *Ferina*, Ferina waived his right to pursue his motion to dismiss after an extensive discussion of the issue at the plea hearing. *Ferina*, 742 S.W.2d at 216. Ferina then stated clearly on the record that he was choosing to withdraw his motion to dismiss and plead guilty, specifically waiving his right to pursue that motion. *Id.* at 216–217. The plea agreement included the proviso that Ferina withdraw his motion to dismiss in exchange for the sentencing recommendation. *Id.* at 217. The Western District concluded that Ferina had made a voluntary, knowing, and intelligent relinquishment of his right to pursue the motion to dismiss, stating, "Appellant's express waiver occurred after he was informed of his rights, counseled on the available alternatives, and advised of the consequences. Appellant himself made the choice to accept the plea agreement which included the waiver." *Id.*

In *Donahue*, after a hearing on the post-conviction motion, the motion court concluded that Donahue voluntarily waived his complaint and agreed to a new deal. *Donahue*, 655 S.W.2d at 645–646. He admitted that he understood the new sentence would be consecutive and that his plea was made freely and voluntarily in contemplation of the new sentence. *Id.* at 646. Furthermore, it was easy to understand why Donahue had agreed to a new deal because he received a substantial benefit, lowering his prison time from 25 years to 17 years. *Id.*

Therefore, while it is true that Movant was capable of waiving any breach by the State, he must do so voluntarily, intelligently and knowingly. The record does not show that Movant voluntarily and intelligently abandoned this defense in accepting the plea agreement with the State. No mention was made on the record at all of the motion to dismiss, the prior plea agreement, or the possibility of waiving the State's breach.

 In addition, the State argues that Movant waived his right to challenge the denial of his motion to dismiss the indictment by simply failing to appeal from that denial. However, an appeal lies only from a final judgment and in a criminal case, final judg-

ment occurs only upon the entry of sentence. Section 547.070; *State v. Williams*, 871 S.W.2d 450, 452 (Mo. banc 1994). For Movant, the denial of his motion to dismiss was an interlocutory order and not a final, appealable judgment. *See*, *State v. Willis*, 677 S.W.2d 416, 416 (Mo.App.1984).

The record does not conclusively refute Movant's claim. Therefore, under the specific facts of this case, we reverse and remand for an evidentiary hearing. At the hearing, the court should first consider whether or not Movant pleaded guilty to the 92 charge voluntarily and knowingly waiving his right to challenge the denial of his motion to dismiss and if necessary, for evidence on the terms and conditions of the 1991 plea agreement and whether Movant breached such agreement and for such other proceedings as are appropriate.

CRANE, P.J., and JAMES R. DOWD, J., concur.