**STATE of Missouri, Respondent,**

v.

**Rick FERRIER, Appellant.**

**No. ED 79261.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 24, 2002.

Raymond J. Capelovitch, Assistant Public Defender, St. Louis, Mo, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Anne E. Edington, Assistant Attorney General, Jefferson City, Mo, for respondents.

GLENN A. NORTON, Judge.

Rick Ferrier appeals his sentence of life imprisonment without the possibility of parole. We vacate the sentence and remand for re-sentencing.

## I. BACKGROUND

Ferrier was convicted of statutory sodomy in the first degree. Because he had previously pled guilty to another sodomy charge, Ferrier was found to be a persistent sexual offender and a predatory sexual offender under section 558.018 RSMo 2000. In January 2000, the trial court sentenced Ferrier to a term of imprisonment of 40 years with eligibility for parole after 30 years. The Department of Corrections requested that the trial court amend the sentence, believing that as a predatory sexual offender, Ferrier should have been sentenced to life with eligibility for parole. The State sought a writ to return Ferrier to the trial court for re-sentencing. Ferrier filed objections, claiming that the trial court lost jurisdiction to re-sentence him after it reduced the sentence to writing and that the doctrine of *nunc pro tunc* could not be used to correct the first sentence.

The trial court denied Ferrier's objections and held a re-sentencing hearing in March 2001. The court noted the Department's advice on the record:

> The Department of Corrections has advised the defendant that under Section 558.018, paragraph six, that if a person is found to be a predatory sexual offender, he shall be imprisoned for life without the eligibility of parole, and that is, in fact, what the defendant was convicted of.

The court stated that it intended to re-sentence Ferrier "to comply with the particular section I just mentioned" and that it was re-sentencing Ferrier under the doctrine of *nunc pro tunc*. The trial court then asked if there was anything further on behalf of the defendant, and counsel stated that Ferrier objected to the court's jurisdiction to re-sentence for the reasons previously filed. The court announced that it was sentencing Ferrier to life without eligibility for parole under section 558.018.6. The sentence was reduced to writing, and this appeal followed.

## II. DISCUSSION

■ In his only point on appeal, Ferrier argues that the second sentence imposed is void because the trial court did not have jurisdiction to re-sentence him over one year after the original sentence

or under the doctrine of *nunc pro tunc.* Ferrier asks that the first sentence be reinstated. Whether the trial court had jurisdiction is a question of law that we review *de novo. See generally In re Marriage of Jeffrey,* 53 S.W.3d 173, 175 (Mo. App. E.D.2001).

The trial court had jurisdiction to re-sentence Ferrier because the first sentence was incorrect. The first sentence was a term of 40 years, with eligibility for parole after Ferrier served 30 years of that term. Although the trial court did not indicate whether it was relying on those subsections of the statute proscribing the sentence for persistent offenders or those prescribing the sentence for predatory offenders, the first sentence is not correct under any of them.

The entire term of imprisonment imposed on a persistent sexual offender "shall be served without probation or parole," whether the term is the minimum 30 years, or any term above that minimum. Section 558.018.3; *see State v. Nevels,* 712 S.W.2d 688, 690 (Mo.App. W.D.1986); *see also State v. Kelly,* 728 S.W.2d 642, 647 (Mo.App. S.D.1987). Thus, the first sentence allowing eligibility for parole after 30 years of a 40–year term are served is not a correct sentence for a persistent sexual offender. Nor is it a correct sentence for a predatory sexual offender, who "shall be imprisoned for life with eligibility for parole." Section 558.018.6.

■■ A sentence that does not comply with the statute is void and cannot constitute a final judgment. *State v. Morris,* 719 S.W.2d 761, 763 (Mo. banc 1986); *see also Ossana v. State,* 699 S.W.2d 72, 73 (Mo.App. E.D.1985). The trial court does not exhaust its jurisdiction until it renders a sentence in accordance with the law. *Ossana,* 699 S.W.2d at 73. Therefore, the trial court had jurisdiction to re-sentence Ferrier. *See id.; see also Morris,* 719 S.W.2d at 763; *see also Newberry v. State,* 812 S.W.2d 210, 212–13 (Mo.App. W.D. 1991) (citing *Morris* and affirming jurisdiction of trial court to re-sentence nine years after original sentence).

Point denied.

■■ Even though no objection to the second sentence has been preserved or properly briefed (other than the challenge to the trial court's jurisdiction to enter it in the first place), we will review the sufficiency of it under Rule 30.20. *See State v. Greer,* 879 S.W.2d 683 (Mo.App. W.D. 1994). The court's reliance on subsection 6 as a basis for re-sentencing Ferrier to life *without* parole is misplaced. That subsection authorizes a sentence of life *with* parole for predatory sexual offenders. Section 558.018.6. The trial court misunderstood the statute and believed that it mandated a sentence of life without parole. No such sentence is *mandated* by the statute.[1]

It is not clear what sentence the court would have imposed on re-sentencing had it understood that it was not required to sentence a predatory sexual offender to life without parole. The appropriate remedy is to remand for re-sentencing. *See generally Williams v. State,* 800 S.W.2d 739, 741 (Mo. banc 1990); *see also State v. Kuhlenberg,* 981 S.W.2d 617, 622 (Mo.App. E.D.1998); *State v. Francis,* 60 S.W.3d 662, 670 (Mo.App. W.D.2001).

---

1. Life without parole would be a permissible sentence if imposed under the provisions relating to persistent sexual offenders. *See* section 588.018.3. The term of years imposed on persistent offenders may be any term above the stated minimum 30 years, including life, all of which must be served without probation or parole. *See Thurston v. State,* 791 S.W.2d 893, 895 (Mo.App. E.D.1990).

## III. CONCLUSION

The March 1, 2001 sentence is vacated. The case is remanded for re-sentencing.

WILLIAM H. CRANDALL, P.J. and SHERRI B. SULLIVAN, J. concurring.