STATE of Missouri, Respondent,

v.

Wayne Clifton JOHNSON, Appellant.

No. WD 76391.

Missouri Court of Appeals,
Western District.

Dec. 10, 2013.

Pro Se Motion for Rehearing and/or
Transfer to Supreme Court
Denied Jan. 28, 2014.

Application for Transfer Denied
March 25, 2014.

Jennifer Rodewald, for Respondent.

Wayne C. Johnson, Appellant Pro Se.

Before Division Two: MARK D. PFEIFFER, Presiding Judge, JOSEPH M. ELLIS, Judge and VICTOR C. HOWARD, Judge.

JOSEPH M. ELLIS, Judge.

Wayne Johnson appeals from the Circuit Court of Moniteau County's denial of his petition challenging on double jeopardy grounds the authority of that court to have entered his convictions and sentences on one count of assault of a law enforcement officer in the second degree, § 565.081, and one count of armed criminal action, § 571.015. For the following reasons, the circuit court's judgment is vacated, and the cause is remanded with instructions to dismiss Appellant's petition.

On January 9, 2006, Appellant failed to report to the Cooper County Jail as required by a court order. Around 8 p.m., Officer David Smith of the Sedalia Police Department observed Appellant driving a maroon car in Pettis County and activated the lights on his patrol car. Appellant pulled his car over to the side of the road. He then got out of the vehicle and pointed a gun at Officer Smith. Fearful of striking a passing vehicle if he fired his own weapon, Officer Smith took cover behind his patrol car. Appellant got back in his car and drove away. Officer Smith tried to follow Appellant but eventually lost sight of him and abandoned his pursuit.

Approximately twenty minutes later, Missouri Highway Patrol Trooper Christopher Winter observed a vehicle matching the description of the one involved in the incident with Officer Smith and began to pursue Appellant. On the outskirts of Tipton, Missouri, in Moniteau County, Appellant lost control of his car and crashed into a fence and some trees. Appellant got out of his car holding a gun. When Trooper Winter told him to drop the weapon, Appellant raised the gun and pointed it at Trooper Winter. Trooper Winter fired at Appellant, and Appellant returned fire. Appellant was eventually arrested after additional law enforcement officers arrived on the scene.[1]

Related to the incident with Officer Smith, Appellant was charged in the Circuit Court of Pettis County with one count of assault of a law enforcement officer, felony unlawful use of a weapon, and armed criminal action. Appellant was eventually tried by jury and found guilty of those charges. He was sentenced by the court to concurrent terms of fifteen years on the assault on a law enforcement officer count, seven years on the unlawful use of a weapon count, and ten years on the armed criminal action count. Those convictions and sentences were affirmed by this Court on appeal. *State v. Johnson*, 245 S.W.3d 288, 297 (Mo.App. W.D.2008).

With regard to the incident with Trooper Winter, Appellant was charged as a prior and persistent offender in the Circuit Court of Moniteau County with one count of assault of a law enforcement officer in the first degree and one count of armed criminal action. Subsequently, on April 2, 2008, after reaching a plea agreement with the State, Appellant appeared before the circuit court and entered his plea of guilty to one count of assault of a law enforcement officer in the second degree and one count of armed criminal action. Pursuant to the terms of the plea agreement, the State recommended sentences of ten years imprisonment on each count to be served concurrently with each other but consecutively to any other prison terms Appellant was serving. After questioning Appellant about the terms of the plea agreement and his understanding of the rights he would be waiving, the plea court accepted Appellant's plea and sentenced him in accordance with the State's recommendation.

On December 10, 2012, Appellant, acting *pro se*, filed what he referred to as a Petition on Original Jurisdiction. In so doing, Appellant largely utilized the standard post-conviction relief form, making various modifications thereto. In his petition, Appellant claimed that the Circuit Court of Moniteau County had no jurisdiction to have accepted his plea and entered his convictions and sentences because doing so violated his right to protection from double jeopardy because evidence of the events in Moniteau County had previously been entered into evidence in his Pettis County trial. He contended that Moniteau County convictions and sentences are, therefore, void. Appellant also generally claimed that his sentence was excessive and that the circuit court should resentence him.

The circuit court eventually entered its order denying Appellant's motion without an evidentiary hearing.[2] The court deemed Appellant's petition to be a motion for post-conviction relief under Rule 24.035, determined that the double jeopar-

---

1. Both the incident with Officer Smith and the incident with Trooper Winter were recorded by dashboard video cameras.

2. Though the order was denominated an "Order Denying Hearing and Dismissing Motion," the order addressed the merits of Appellant's claims and denied the petition because the allegations had no merit.

dy claims had no merit, and denied the motion.

Appellant, again acting *pro se*, challenges the circuit court's decision on appeal. In his first point, Appellant contends that the trial court erred in recharacterizing his motion as one for postconviction relief under Rule 24.035 because the provisions of Rule 24.035 are unconstitutional to the extent they interfere with the raising of constitutional issues under the 5th and 14th Amendments to the United States Constitution. In his second point, Appellant claims that Senior Judge Donald Barnes lacked jurisdiction to enter judgment in this case because he was not currently a judge in Moniteau County or the State of Missouri. In his third point, Appellant argues that the plea court lacked jurisdiction to enter his convictions and sentences because the admission of evidence related to the Moniteau County incident in the Pettis County case meant that he was subjected to double jeopardy when he later pleaded guilty to the charges related to the Moniteau County incident.

 As to his first and third points on appeal, the facts forming the basis for Appellant's double jeopardy claim were readily apparent at the time of his plea hearing. Appellant failed to raise his double jeopardy claim in the plea court, in a direct appeal, or in a timely Rule 24.035 motion for post-conviction relief.[3] Rule 24.035(a) provides:

> A person convicted of a felony on a plea of guilty and delivered to the custody of the department of corrections who

claims that the conviction or sentence imposed violates the constitution and laws of this state or the constitution of the United States, including claims of ineffective assistance of trial and appellate counsel, that the court imposing the sentence was without jurisdiction to do so, or that the sentence imposed was in excess of the maximum sentence authorized at law may seek relief in the sentencing court pursuant to the provisions of this Rule 24.035. This Rule 24.035 provides the exclusive procedure by which such person may seek relief in the sentencing court for the claims enumerated . . . .

Rule 24.035(b) provides that, when a direct appeal is filed, a Rule 24.035 motion must be filed within 90 days of the issuance of the mandate of the appellate court affirming the judgment or sentence and that, where no direct appeal of the judgment is taken, a motion must be filed within 180 days of the date the defendant is delivered to the custody of the department of corrections. Failure to timely file a Rule 24.035 motion constitutes a complete waiver of any right to proceed under that rule and a complete waiver of any claim that could have been asserted in such motion. *Brown v. State*, 66 S.W.3d 721, 727 (Mo. banc 2002) (disagreed with on unrelated grounds in *State ex rel. Zinna v. Steele*, 301 S.W.3d 510, 517 (Mo. banc 2010)). The time limitations in Rule 24.035 "bar relief in the sentencing court for all claims enumerated in Rule 24.035 that were not brought within the time limitations set out in the rule." *Id.* "The time limits of Rule

---

**3.** In most instances, a plea of guilty is deemed to be a waiver of double jeopardy claims but, under certain circumstances, double jeopardy claims not raised at the circuit court level may be considered on direct appeal or in a timely Rule 24.035 motion. *See Feldhaus v.*

*State*, 311 S.W.3d 802, 805 (Mo. banc 2010); *State v. Shinkle*, 340 S.W.3d 327, 332–33 n. 4 (Mo.App. W.D.2011); *Mullins v. State*, 262 S.W.3d 682, 685 (Mo.App. E.D.2008); *State v. Neal*, 362 S.W.3d 39, 43 (Mo.App. S.D.2012).

24.035 are constitutional and mandatory, representing a strict guideline for the filing of post-conviction motions." *Bollinger v. State,* 144 S.W.3d 335, 337 (Mo.App. E.D.2004).

The claims asserted in Appellant's petition could have been raised in the plea court, in a direct appeal, or in a timely Rule 24.035 motion but they were not; the claims are, therefore, time-barred.[4] Accordingly, the circuit court lacked the authority to grant the post-conviction relief requested by Appellant, and the petition should have been dismissed without addressing the merits of Appellant's claims.[5]

Where the circuit court improperly considers the merits of claims that are time-barred by Rule 24.035, the proper disposition on appeal is to vacate the judgment and remand with instructions to dismiss. *Foley v. State,* 143 S.W.3d 679, 681 (Mo. App. W.D.2004). Accordingly, the circuit court's judgment is vacated, and the cause

is remanded with instructions that the court dismiss Appellant's petition.

All concur.

---

4. Appellant attempts to rely on *State v. Ferrier,* 86 S.W.3d 125 (Mo.App. E.D.2002), in arguing that the trial court had the authority to grant the relief requested. *Ferrier* involved the imposition of a sentence that did not comply with the relevant statutory sentencing provisions and was, therefore, illegal. *Id.* at 127. The trial court granted the State's motion for re-sentencing over a year after judgment was entered to correct that mistake. *Id.* at 126. *Ferrier* noted that "[a] sentence that does not comply with the statute is void and cannot constitute a final judgment" and held that "[t]he trial court does not exhaust its jurisdiction until it renders a sentence in accordance with the law." *Id.* at 127. *Ferrier* held that the trial court, therefore, had the authority to re-sentence the defendant. *Id.* The holding in *Ferrier* has no application to the issues presented in the case at bar as the sentence imposed clearly fell within the range prescribed by statute. *Weir v. State,* 301 S.W.3d 136, 138 (Mo.App. W.D.2010).

5. We gratuitously note that, as mentioned by the circuit court, Appellant's double jeopardy claims, even had they been timely raised, are wholly without merit. "The double jeopardy clause of the Fifth Amendment guarantees that no person shall 'be subject for the same offense to be twice put in jeopardy of life and limb.'" *State v. Stewart,* 343 S.W.3d 373, 377 (Mo.App. S.D.2011). "This clause provides two distinct protections for criminal defendants: (a) protection from successive prosecutions for the same offense after either an acquittal or a conviction and (b) protection from multiple punishments for the same offense." *Id.* (internal quotation omitted). Though evidence related to the events in Moniteau County was admitted into evidence in Appellant's trial for his assault of Officer Smith in Pettis County, Appellant was neither prosecuted for nor punished for his assault on Trooper Winter in that case. The subsequent acceptance of Appellant's plea and the entry of his convictions and sentences related to the assault on Trooper Winter in no way violated Appellant's right to be free from double jeopardy.