

# In the Missouri Court of Appeals
# Eastern District
## DIVISION ONE

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED100745 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | 10SL-CR05800-01 |
| | ) | |
| MICHAEL S. COLEMAN, | ) | Honorable Michael T. Jamison |
| | ) | |
| Appellant. | ) | Filed: July 29, 2014 |

## OPINION

Michael S. Coleman appeals the judgment denying his Original Petition to Set Aside Judgment. We vacate the judgment and remand the cause with instructions to dismiss.

### I.     BACKGROUND

Coleman pled guilty on August 25, 2011 to two counts of statutory rape in the second degree, four counts of statutory sodomy in the second degree, three counts of incest, one count of furnishing pornographic material to a minor, two counts of endangering the welfare of a child in the first degree, and one count of child molestation in the second degree. Coleman signed a written plea that was entitled "Blind Plea of Guilty."

The trial court sentenced Coleman to a total of twenty years of imprisonment. The trial court also ordered shock incarceration under section 559.115 RSMo Supp. 2006 and recommended placement in the Sexual Offender Assessment Unit (SOAU).

On October 20, 2011, Coleman was delivered to the Department of Corrections. The trial court subsequently requested information regarding Coleman's behavior during incarceration, and on February 14, 2012, after reviewing the SOAU report and counsels' arguments, the court denied Coleman probation.

On December 31, 2012, Coleman filed the Original Petition to Set Aside Judgment at issue in this appeal, arguing the court erred in denying Coleman probation or the opportunity to withdraw his guilty pleas after probation was denied. Coleman also filed several motions requesting transcripts of his proceedings, all of which were denied. The trial court denied the Original Petition to Set Aside Judgment on January 3, 2013. Coleman appeals.

## II.    DISCUSSION

In Coleman's initial appellant's brief, he asserts two points on appeal.[1] In his first point, Coleman claims the trial court erred in refusing to provide him with transcripts of the record. In his second point, Coleman claims the trial court erred in denying him the opportunity to withdraw his guilty pleas after an alleged plea agreement was violated.

Under Rule 24.035(a):[2]

A person convicted of a felony on a plea of guilty and delivered to the custody of the department of corrections who claims that the conviction or sentence imposed violates the constitution and laws of this state or the constitution of the United States, including claims of ineffective assistance of trial and appellate counsel, that the court imposing sentence was without jurisdiction to do so, or that the sentence imposed was in excess of the maximum sentence authorized by law may seek relief in the sentencing court pursuant to the provisions of this Rule 24.035. This Rule 24.035 provides the exclusive procedure by which such person may seek relief in the sentencing court for the claims enumerated.

---

[1] Coleman raises two issues in his reply brief for the first time. These claims involve a statute of limitations argument and a double jeopardy claim. "However, an assignment of error made for the first time in a reply brief does not preserve that issue for review." *Stewart v. Sturms*, 784 S.W.2d 257, 260 (Mo. App. E.D. en banc 1989).
[2] All references to Rules are to Missouri Supreme Court Rules (2014).

Coleman's Original Petition to Set Aside Judgment claims that an alleged plea bargain was violated and that he should have been permitted to withdraw his guilty pleas after he was denied probation following his shock incarceration. Coleman essentially alleges his guilty pleas violate the Missouri and/or U.S. Constitution because the pleas were entered involuntary. As such, Coleman's claim should have been raised in a post-conviction motion pursuant to Rule 24.035.

Under Rule 24.035(b), Coleman was required to file a post-conviction relief motion within 180 days of delivery to the department. Coleman did not file his Original Petition to Set Aside Judgment until over one year later. As a consequence, Coleman waived his right to assert the claim raised in his Original Petition to Set Aside Judgment. Rule 24.035(b) provides that the "[f]ailure to file a motion within the time provided by this Rule 24.035 shall constitute a complete waiver of any right to proceed under this Rule 24.035 and a complete waiver of any claim that could be raised in a motion filed pursuant to this Rule 24.035."

A "complete waiver" means more than just a "waiver." *Dorris v. State*, 360 S.W.3d 260, 267 (Mo. banc 2012). The term "waiver" is defined as the "intentional relinquishment of a known right." *Id*. (internal quotation omitted). "The phrase 'complete waiver' . . . establishes a total, absolute relinquishment of a legal right." *Id*. at 267-68. Missouri Courts have consistently found that "the rules contain strictly enforced time constraints which, if not followed, procedurally bar consideration of a movant's claims." *Id*. at 268 (internal quotation omitted).

Coleman relies on *State v. Ferrier* to support his argument that his claim is not procedurally barred. 86 S.W.3d 125 (Mo. App. E.D. 2002). Coleman's reliance on *Ferrier* is misplaced. In *Ferrier*, the question was whether the trial court had jurisdiction to re-sentence Ferrier one year after the original sentence. *Id*. at 126-27. This Court found that the trial court did have jurisdiction because the original sentence did not comply with applicable statutory

provisions. *Id*. at 127. Here, Coleman does not argue that his sentence violates any statutory provision.[3] Instead, Coleman argues there was a violation of the plea agreement which rendered his guilty pleas involuntary. *Ferrier* did not involve an alleged violation of a plea agreement or analyze the time limits of Rule 24.035 and the complete waiver that results from failing to file within the deadlines set forth in the rule.

Coleman's claim in his Original Petition to Set Aside Judgment should have been raised in a timely-filed Rule 24.035 motion and is time-barred.[4] Trial courts lack the authority to consider claims that should have been raised in a timely Rule 24.035 motion. *State v. Johnson*, 422 S.W.3d 430, 433 (Mo. App. W.D. 2013). Therefore, Coleman's Original Petition to Set Aside Judgment should have been dismissed by the trial court. *See id*. Accordingly, the trial court's judgment is vacated and the cause is remanded with instructions to dismiss.

### III.    CONCLUSION

The trial court's judgment is vacated and the cause is remanded with instructions to dismiss.

_____
GLENN A. NORTON, Judge

Clifford H. Ahrens, J. and
Philip M. Hess, J., concur

---

[3] Although Coleman fails to allege that his sentence violates a statutory provision, the State's respondent's brief raises the issue that Coleman's five-year sentence for one of the counts of incest (class D felony) may violate section 558.011.1 RSMo Supp. 2004. Under that section, "[t]he authorized terms of imprisonment, including both prison and conditional release terms are: . . . (4) For a class D felony, a term of years not to exceed four years." *Id*. Although Coleman failed to raise this claim timely during post-conviction proceedings, Coleman may be entitled to habeas relief. *See State ex rel. Koster v. Jackson*, 301 S.W.3d 586, 590 (Mo. App. W.D. 2010) ("A claim that the sentencing court has imposed a sentence in excess of that authorized by statute may be raised in a petition for writ of habeas corpus.").

[4] Regarding Coleman's first point on appeal, the transcripts of earlier proceedings are unnecessary because, as indicated above, the merits of Coleman's claim are time-barred and cannot be addressed.

4