**Steven McBRIDE, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 59848.**

Missouri Court of Appeals, Western District.

Jan. 22, 2002.

Emmett D. Queener, Asst. Atty. Gen., Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joel A. Block, Asst. Atty. Gen., Jefferson City, for Respondent.

Before: HOLLIGER, P.J., ULRICH and HARDWICK, JJ.

LISA WHITE HARDWICK, Judge.

Steven McBride pled guilty to two counts of first-degree murder and was sentenced to life in prison without the possibility of parole. He filed a Rule 24.035 motion for post-conviction relief, which was denied by the Circuit Court of Boone County after an evidentiary hearing on the merits. McBride appeals, claiming the court erred in denying the motion because he received ineffective assistance of counsel in making his guilty plea. The State challenges the circuit court's jurisdiction to rule on the merits of the Rule 24.035 motion because it was filed untimely. We agree and vacate the judgment.

"Rule 24.035(b) provides that where a defendant does not directly appeal the judgment, the defendant must file the

Rule 24.035 motion within ninety days of the date the defendant is delivered to the [D]epartment of [C]orrections." *Logan v. State*, 22 S.W.3d 783, 786 (Mo.App. W.D. 2000). The ninety-day time limit set forth by Rule 24.035 has been consistently held valid and mandatory. *State v. Roll*, 942 S.W.2d 370, 374 (Mo. banc 1997); *State v. Parker*, 886 S.W.2d 908, 929 (Mo. banc 1994). The issue of timeliness is jurisdictional and must be addressed by this court on appeal. *Hall v. State*, 992 S.W.2d 895, 897 (Mo.App. W.D.1999).

Following his guilty plea and sentencing, McBride was delivered to the Department of Corrections on May 23, 2000. He did not pursue a direct appeal. McBride filed his pro se Rule 24.035 motion ninety-one days later on August 22, 2000. By virtue of the one-day late filing, the motion court did not have jurisdiction to determine the merits of McBride's post-conviction relief claim. *Logan*, 22 S.W.3d at 786. We, therefore, vacate the judgment entered by the motion court and remand for dismissal of the cause.

All concur.