**James William CRABTREE, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 60810.**

Missouri Court of Appeals,
Western District.

Dec. 24, 2002.

Susan L. Hogan, Assistant State Public Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stephanie Morrell, Asst. Atty. Gen., Jefferson City, for respondent.

Before PAUL M. SPINDEN, P.J., PATRICIA A. BRECKENRIDGE and THOMAS H. NEWTON, JJ.

THOMAS H. NEWTON, Judge.

This is an appeal from the denial of a postconviction relief motion by the motion court. We dismiss the appeal for lack of jurisdiction.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

James William Crabtree pled guilty to one count of passing bad checks, § 570.120,[1] in the Circuit Court of Henry County. Mr. Crabtree was sentenced to five years in prison, but the execution of

1. Unless otherwise indicated, all statutory references are to RSMo 2000.

sentence was suspended and he was placed on probation for a term of three years.

Mr. Crabtree's probation was revoked on June 14, 1999, and he was delivered to the Department of Corrections on June 17, 1999. On October 5, 1999, Mr. Crabtree was released from custody and was again placed on probation.

Mr. Crabtree's probation was once again revoked on March 23, 2000, and he was delivered to the Department of Corrections on March 24, 2000, to serve his sentence.

A Rule 24.035 [2] motion for postconviction relief was filed by Mr. Crabtree on April 25, 2000, which was denied by the Circuit Court of Henry County after an evidentiary hearing. The motion court ruled that "Movant's pro se [post conviction relief] Motion and his Amended [post conviction relief] Motion are both dismissed because of Movant's failure to file his pro se motion within 90 days of his delivery to the Missouri Department of Corrections."

Mr. Crabtree appeals, claiming that the motion court erred in denying the motion because it was untimely filed.

## II. STANDARD OF REVIEW

"Appellate review of the trial court's action on the motion filed under this Rule 24.035 shall be limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 24.035(k); *Wofford v. State*, 73 S.W.3d 725, 727 (Mo.App. W.D.2002).

## III. LEGAL ANALYSIS

■ In his sole point on appeal, Mr. Crabtree contests the dismissal of his post-conviction relief motion, asserting that "the time limitations of Rule 24.035 consti-

tute an arbitrary deprivation of his right to pursue the remedy of postconviction relief." "Rule 24.035(b) provides that where a defendant does not directly appeal the judgment, the defendant must file the Rule 24.035 motion within ninety days of the date the defendant is delivered to the [D]epartment of [C]orrections." *McBride v. State*, 65 S.W.3d 560, 560–61 (Mo.App. W.D.2002). "The ninety-day time limit set forth by Rule 24.035 has been consistently held valid and mandatory." *Id.* at 561. (citing *State v. Roll*, 942 S.W.2d 370, 374 (Mo. banc 1997)).

■ As previously mentioned, following his guilty plea and sentencing, Mr. Crabtree was delivered to the Department of Corrections on June 17, 1999, after he violated the terms and conditions of his probation. He did not pursue a direct appeal. Mr. Crabtree filed his pro se Rule 24.035 motion more than nine months later on April 25, 2000. "[T]he law is well-settled that the limitations start to run upon a movant's initial delivery to the custody of the department of corrections, even if he or she is later granted probation." *Hall v. State*, 992 S.W.2d 895, 897 (Mo. App. W.D.1999). In June of 1999, Mr. Crabtree's probation was revoked and his sentence was ordered executed, subject to a 120–day callback under § 559.115. The fact that Mr. Crabtree was not delivered to serve the remainder of his sentence after violating his probation terms once again until March 24, 2000, does not effect the relevant timeliness analysis under Rule 24.035. *Id., see also McFarland v. State*, 876 S.W.2d 48, 49 (Mo.App. W.D.1994). Because Mr. Crabtree did not file his Rule 24.035 motion until April 25, 2000, after he was incarcerated following his second pro-

---

**2.** All rule references are to Missouri Supreme Court Rules (2002) unless otherwise indicated.

bation revocation (approximately nine months after he was initially delivered into the custody of the Department of Corrections), Mr. Crabtree's Rule 24.035 motion was untimely. *Id.*; *McBride*, 65 S.W.3d at 560–61.

Therefore, the motion court did not err in dismissing Mr. Crabtree's motion because his failure to timely file the motion left the motion court with no other recourse. Moreover, "because the trial court lacked jurisdiction to consider the appellant's motion, this court likewise lacks jurisdiction, requiring us to dismiss his appeal." *Hall*, 992 S.W.2d at 898.

### IV. CONCLUSION

After reviewing the record on appeal and the appellate briefs of the parties, we dismiss this appeal for lack of jurisdiction.

PAUL M. SPINDEN, P.J. and PATRICIA A. BRECKENRIDGE, J. concur.