**Craig Allen HAYES, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 63338.**

Missouri Court of Appeals,
Western District.

July 27, 2004.

Nancy A. McKerrow, Assistant State Public Defender, Columbus, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Charnette D. Douglass, Assistant Attorney General, Jefferson City, for respondent.

Before BRECKENRIDGE, P.J., and SMART and HOWARD, JJ.

VICTOR C. HOWARD, Judge.

Craig Allen Hayes (Appellant) appeals from the judgment dismissing his Rule 24.035 motion as untimely because it was not filed within 90 days of December 3, 2002, the date he was delivered to the custody of the Department of Corrections (DOC). He claims his motion was timely due to the amendment to Rule 24.035(b), effective January 1, 2003, which allows a defendant who does not directly appeal his judgment or sentence 180 days, rather than 90 days, to seek relief under Rule 24.035(b). At issue is whether this amendment to Rule 24.035(b) applies to allow Appellant, who was committed to the DOC's custody prior to January 1, 2003, but who was still within the former Rule's 90 day window for filing a Rule 24.035 motion, additional time within which to file his motion under Rule 24.035.

For the reasons set forth below, we hold that the amendment applies. Accordingly, the motion court clearly erred in dismissing Appellant's motion. We reverse the judgment and remand for further proceedings.

**Procedural Background**

On November 27, 2002, the State charged Appellant by felony information with domestic assault in the first degree, assault in the first degree, two counts of armed criminal action, burglary in the first degree, and domestic assault in the third degree. On that same day Appellant and the State entered into a plea agreement,

under which in exchange for Appellant's guilty plea to burglary in the first degree and domestic assault in the third degree, the State would dismiss the remaining four counts.[1] The State further agreed to recommend a seven-year sentence for the burglary and a consecutive thirty days in jail for the misdemeanor domestic assault; pursuant to section 559.115, Appellant would be placed in an institutional treatment center (ITC), which would allow the court to consider probation during the first 120 days of Appellant's incarceration.

At the plea hearing that same day, the court accepted Appellant's guilty plea and sentenced him in accordance with the plea agreement. The court further ordered pursuant to section 559.115 that the DOC provide a report concerning Appellant's behavior and whether probation should be granted no later than March 2, 2003. On December 3, 2002, Appellant was delivered to the custody of the Missouri DOC. Appellant did not appeal from the judgment or sentence. On March 7, 2003, the court reviewed the institutional report regarding Appellant and denied his release under section 559.115.

On May 16, 2003, Appellant filed a pro se motion pursuant to Rule 24.035, claiming, among other things, that he was not admitted to the ITC after being delivered to the DOC; rather, he was placed in shock incarceration. Appointed counsel filed an amended Rule 24.035 motion on August 23, 2003.[2]

On September 4, 2003, the motion court entered an order dismissing Appellant's pro se Rule 24.035 motion. The court found that "more than ninety days elapsed from [Appellant's] delivery to the Department of Corrections and his filing of his original motion under Rule 24.035, which was the time limit in effect at the time of [Appellant's] sentencing and delivery to the Department of Corrections." This appeal follows.

## Standard of Review

Our review of the motion court's dismissal of Appellant's Rule 24.035 postconviction motion as untimely is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 24.035(k); *Edwards v. State*, 954 S.W.2d 403, 406 (Mo. App. W.D.1997). The motion court's findings and conclusions will be deemed clearly erroneous only if, after reviewing the entire record, this court definitely and firmly believes the motion court made a mistake. *Id.*

## 2003 Amendment to Rule 24.035

On December 3, 2002, when Appellant was delivered to the DOC, Rule 24.035(b) provided that Appellant, who did not appeal the judgment or sentence against him, had to file his Rule 24.035 motion within 90 days or by March 2, 2003. The motion court explicitly reiterated this deadline to Appellant at the conclusion of his plea hearing.

But, effective January 1, 2003, before the 90 days had run, Rule 24.035(b) was

---

1. From plea counsel's statements at the plea hearing, it appears that that first four counts were from an "old case" that had been dismissed and re-filed. The remaining two counts, to which Appellant agreed to plead guilty, were from a "new case."

2. In the amended motion, it is alleged that Appellant was entitled to relief under Rule 24.035 because the court failed to pronounce oral sentence and because Appellant was not placed in the ITC in accordance with the plea agreement accepted by the court, so he "did not get the benefit of his bargain." Those issues are not currently before this court as Appellant's pro se motion was dismissed by the court as untimely.

amended to provide that a Rule 24.035 movant who does not appeal the judgment or sentence against him has 180 days, rather than 90 days, from delivery to the DOC's custody to file a Rule 24.035 motion. The issue is whether the amended Rule 24.035(b) applies to Appellant, who had already been committed to the DOC's custody before the effective date of the amendment but whose time for filing a motion under the former rule (90 days) had not yet expired. Both parties agree the court clearly erred in dismissing Appellant's motion as untimely and request that we reverse the dismissal and remand for consideration of Appellant's motion on the merits. Although for a different reason, we agree and reverse and remand.

The parties insist that the plain language of Rule 24.035(m), which provides that "[t]his Rule 24.035 shall apply to all proceedings wherein sentence is pronounced on or after January 1, 1996," indicates that the amendment is applicable to Appellant's situation. We disagree. Without going into extensive discussion, it appears our supreme court included this "schedule" in Rule 24.035(m) to clarify the applicability of its June 20, 1995 amendment to Rule 24.035, which became effective January 1, 1996. That amendment is not at issue in this case. Rule 24.035(m) does not, on its own, clearly indicate that the amendment at issue to Rule 24.035(b), effective January 1, 2003, applies in situations such as Appellant's.

Instead, we find Rule 19.06 instructive; it provides:

> Rules 19 to 36, inclusive, shall govern all criminal proceedings after the effective date of the rules unless their application in a criminal proceedings [sic] pending when the rules take effect would result in injustice, in which event the former procedure applies.

Thus, effective January 1, 2003, the amended Rule 24.035(b) controls, allowing Appellant 180 days from the date he was committed to the custody of the DOC to file his Rule 24.035 motion, unless an injustice will result. We perceive no injustice from applying the amended rule in Appellant's case. Accordingly, we find the motion court clearly erred in dismissing Appellant's Rule 24.035 motion as untimely. The judgment is reversed, and the case is remanded for further proceedings.

BRECKENRIDGE, P.J., and SMART, J., concur.