Pamela S. FOLEY, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 63666.

Missouri Court of Appeals,
Western District.

Sept. 14, 2004.

Ruth Sanders, Kansas City, MO, for appellant.

Deborah Daniels, Assistant Attorney General, Jefferson City, MO, for respondent.

Before JAMES M. SMART, JR., Presiding Judge, JOSEPH M. ELLIS, Judge and LISA WHITE HARDWICK, Judge.

JOSEPH M. ELLIS, Judge.

In February 2001, Appellant, Pamela S. Foley, was charged in the Circuit Court of Harrison County with one count of first-degree murder and one count of armed criminal action. Following a May 2001 change of venue to Buchanan County, Appellant entered into a plea agreement with the State under which the State agreed to dismiss the armed criminal action charge and reduce the charge of murder in the

first degree to murder in the second degree (§ 565.021.1(1), RSMo 2000) in return for her open plea of guilty to second-degree murder. In accordance with the plea agreement, Appellant pled guilty to second-degree murder on June 12, 2002, and the circuit court accepted the plea. At a sentencing hearing held on August 27, 2002, the circuit court sentenced Appellant to a term of life imprisonment in the custody of the Missouri Department of Corrections ("DOC"), and she was delivered to the custody of DOC on August 29, 2002. She did not pursue a direct appeal, but on December 11, 2002, filed a *pro se* motion to vacate, set aside, or correct the judgment or sentence pursuant to Rule 24.035. Counsel was subsequently appointed to represent Appellant, and on May 20, 2003, Appellant filed an amended motion for post-conviction relief. Appellant waived an evidentiary hearing, and on December 11, 2003, the motion court entered a judgment denying relief, issuing findings of fact and conclusions of law which addressed the merits of Appellant's amended motion but did not contain any discussion of the timeliness of the original *pro se* motion. Appellant timely filed her notice of appeal on January 13, 2004.

■ On appeal, Appellant contends that the motion court clearly erred in denying her amended Rule 24.035 motion because the record shows that her plea of guilty to murder in the second degree was not knowing and voluntary. The State agrees that the motion court clearly erred in denying Appellant's amended motion, but for an entirely different reason: that it did not have jurisdiction to rule on its merits because her original *pro se* motion was untimely since it was not filed within ninety

days of her delivery to the custody of DOC. We agree with the State.

> Appellate review of the motion court's denial of a Rule 24.035 motion for post-conviction relief is limited to whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 24.035(k). The motion court's findings and conclusions are clearly erroneous only if, after reviewing the entire record, the appellate court is left with the definite and firm impression that a mistake has been made.

*Reynolds v. State*, 994 S.W.2d 944, 945 (Mo. banc 1999).

As mentioned *supra*, Appellant was delivered to the custody of DOC on August 29, 2002, and did not file a direct appeal of the trial court's judgment of conviction. Thus, she was required to file her initial Rule 24.035 motion for post-conviction relief within 90 days of that date. *Rule 24.035(b)* (2002);[1] *McBride v. State*, 65 S.W.3d 560, 560–61 (Mo.App. W.D.2002). She did not file her *pro se* Rule 24.035 motion until December 11, 2002, which was 104 days after her delivery date.

■ Here, the motion court failed to address the issue of the timeliness of Appellant's amended motion, but instead ruled on its merits. However, "[i]f a Rule 24.035 motion is filed out of time, the motion court cannot address the merits of the motion, but must dismiss it, even if the state does not request the court to do so." *Washington v. State*, 972 S.W.2d 347, 348 (Mo.App. E.D.1998). The same applies to an appellate court, because "[t]he issue of timeliness is jurisdictional and must be addressed by this court on appeal." *McBride*, 65 S.W.3d at 561. In cases

---

1. Effective January 1, 2003, the 90–day period was extended to 180 days. *See Rule 24.035(b)* (2003). However, Appellant was not entitled to the longer initial filing period

since her 90 days under the 2002 version of Rule 24.035(b) had already run by the date the amended Rule 24.035(b) went into effect.

where, as here, an amended motion has been timely filed, "[d]emonstration of a timely filing of the *pro se* motion is a condition precedent to pleading a claim for post-conviction relief." *Marschke v. State*, 946 S.W.2d 10, 11 (Mo.App. W.D.1997) (internal quotation marks omitted). As an untimely *pro se* motion for post-conviction relief under Rule 24.035 is a fatal defect which cannot be cured by the timely filing of an amended motion, the motion court lacked jurisdiction to consider the merits of Appellant's amended motion. *Stidham v. State*, 963 S.W.2d 351, 353 (Mo.App. W.D.1998).

As it had no jurisdiction to consider those claims, the motion court clearly erred in ruling on the merits of Appellant's amended Rule 24.035 motion. Where the motion court improperly considers the merits of a time-barred Rule 24.035 motion for post-conviction relief, the proper disposition on appeal is to vacate the judgment of the motion court and remand with instructions to dismiss. *White v. State*, 91 S.W.3d 154, 156–57 (Mo.App. W.D.2002). Accordingly, we vacate the judgment entered by the motion court and remand with instructions that it dismiss Appellant's amended motion as untimely.

All concur.