Jeffrey BOLLINGER, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 83294.

Missouri Court of Appeals, Eastern District, Division Three.

Sept. 21, 2004.

S. Kristina Starke, St. Louis, MO, for appellant.

Andrea Kaye Spillars, Charnette D. Douglass, Jefferson City, MO, for respondents.

MARY R. RUSSELL, Presiding Judge.

Jeffrey Bollinger ("Movant") appeals from the judgment dismissing his motion for post-conviction relief as untimely. He asserts that the motion court erred in that his motion was filed within 90 days of the court's denial of probation following his completion of a 120–day shock incarceration program. We disagree in that the motion court did not have jurisdiction to hear his untimely post-conviction motion, and thus, we also lack jurisdiction and are required to dismiss the appeal.

Movant pled guilty to the class D felonies of driving while revoked, section

302.321, RSMo 2000,[1] and driving while intoxicated, section 577.010. He was sentenced to five years imprisonment for driving while revoked and three years imprisonment for driving while intoxicated, to be served consecutively. His sentence was entered pursuant to section 559.115, which provides that the offender is initially placed in a 120–day shock incarceration program. The court retains jurisdiction and *may* grant probation during this time. Section 559.115. The court may also request a recommendation from the department of corrections. *Id.* If the court does not grant probation, the offender serves the balance of his sentence. *Id.* Movant was delivered to the department of corrections on February 8, 2002.[2] After his completion of the 120–day shock incarceration, he was denied probation under section 559.115 on June 12, 2002.

Movant filed a pro se motion for post-conviction relief under Rule 24.035 on August 5, 2002. He was appointed counsel and filed an amended Rule 24.035 motion. The motion court denied his motion as untimely.

■ Movant asserts one point on appeal. He argues that the motion court erred in denying his motion as untimely, in that he timely filed it within 90 days of the denial of his probation.

■ Our review of the dismissal of a Rule 24.035 motion for post-conviction relief is limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous. *Jameson v. State*, 125 S.W.3d 885, 888 (Mo.App.2004).

Rule 24.035(b), as it was in effect February 8, 2002,[3] stated that "the motion [for post-conviction relief] shall be filed within ninety days of the date the person is delivered to the department of corrections." Movant claims that his attorney advised him that he would serve only the shock incarceration period and then receive probation. He argues that because he believed he would be released after 120 days, his motion, filed within 90 days of the court's denial of his probation, should be considered timely.

This claim contradicts Movant's statements at the sentencing hearing. The record reflects that, after imposing the sentence of eight years' imprisonment, subject to the 120–day shock incarceration program, the sentencing court examined Movant as to assistance of counsel:

Q. (By the Court) Did you think that you had sufficient opportunity to discuss this case with your attorney before you entered your plea of guilty?

A. Yes, ma'am.

Q. Was the sentence imposed on you as a result of a plea bargain?

A. Yes, ma'am.

Q. Other than the plea bargain[,] did your attorney communicate any threats or any promises to induce you to enter your plea of guilt?

A. No, ma'am.

Q. Are you satisfied with the services rendered to you by [counsel] as your

---

1. All further statutory references are to RSMo 2000 unless otherwise indicated.

2. Our review of the record indicates a letter from the department of corrections stating that Movant was received into the Eastern Reception Diagnostic and Correctional Center on February 25, 2002. This discrepancy does not affect the outcome of this case.

3. Rule 24.035(b) was amended effective January 1, 2003, to provide a post-conviction movant 180 days from his date of delivery to the department of corrections to file a Rule 24.035 motion.

attorney whether or not you are satisfied with the outcome of this case?

A. Yes, ma'am.

Earlier in the sentencing, the court advised Movant on the record that he had 90 days from his delivery to the department of corrections to file a Rule 24.035 motion.

Movant cites *Reynolds v. State*, 939 S.W.2d 451 (Mo.App.1996), *State v. Pendleton*, 910 S.W.2d 268 (Mo.App.1995), and *State v. Ralston*, 41 S.W.3d 620 (Mo.App. 2001), all of which suggest that filing a Rule 24.035 motion within 90 days of the sentencing court's denial of probation *may* circumvent the steadfast rules for timely filing, but declined to resolve the issue. *Reynolds*, 939 S.W.2d at 454; *Pendleton*, 910 S.W.2d at 271; *Ralston*, 41 S.W.3d at 623. In each of the cited cases, the offender filed his Rule 24.035 motion more than 90 days after the denial of probation, at a later date when the offender became aware of the circumstances on which he based his appeal. *See Reynolds*, 939 S.W.2d at 452 (offender alleged that his attorney told him that he had reached an agreement to have offender released after 120 days).

Movant argues that he was not aware that he would not be released after 120 days, and that the statements he claims his attorney made were, therefore, misleading and grounds for appeal when his probation was denied. He argues that the date of his delivery to the department of corrections, for the purposes of section 559.115, should be the date his probation was denied. He claims he was not aware of the necessity to appeal until his probation was denied and his attorney's alleged statements were proven untrue.

Movant's Rule 24.035 motion was not timely filed. "The law is well-settled that the limitations start to run upon a movant's initial delivery to the custody of the department of corrections, even if he or she is later granted probation." *Crabtree v. State*, 91 S.W.3d 736, 737 (Mo.App.2002). "The time limits of Rule 24.035 are constitutional and mandatory, representing a strict guideline for the filing of post-conviction motions." *Jones v. State*, 2 S.W.3d 825, 826 (Mo.App.1999) (citing *State v. Blankenship*, 830 S.W.2d 1, 16 (Mo. banc 1992)). Because more than 90 days passed between the date that Movant was initially delivered to the department of corrections to begin serving his 120–day shock incarceration term, February 8, 2002, and the date he filed his pro se motion for post-conviction relief, August 5, 2002, his motion was not timely filed.

█ Movant also argues that the amended Rule 24.035(b) should apply to his case. He relies on *Hayes v. State*, 139 S.W.3d 261 (Mo.App.2004), recently decided by the Western District. In *Hayes*, the movant was delivered to the department of corrections on December 3, 2002, prior to the effective date of January 1, 2003, of the amendment to Rule 24.035(b). He appealed the trial court's dismissal of his Rule 24.035 motion as untimely. *Id.* at 262. On appeal, the judgment of the trial court was reversed because the appellate court found that the amendment to Rule 24.035(b), giving a post-conviction movant 180 days from his delivery to the department of corrections to file a motion, applied. *Id.* The movant in *Hayes* was within the 90 day time limit to file his Rule 24.035 motion when the amendment became effective. *Id.* at 264. The appellate court applied Rule 19.06, which states, "[r]ules 19 to 36, inclusive, shall govern all criminal proceedings after the effective date of the rules unless their application in a criminal proceedings [sic] pending when the rules take effect would result in injustice, in which case the former rule applies." The court held that movant's case was pending on January 1, 2003, the date the amended

rule took effect, giving the movant 180 days to file his post-conviction motion, and no injustice resulted from the application of the amended rule. *Id.*

*Hayes* is not controlling in the present case. In *Hayes,* the amended rule took effect *before* the movant's time for filing a motion under the former rule had expired. Rule 19.06 applied to the movant's case because his criminal proceeding was still considered pending, as his time for filing a Rule 24.035 motion had not expired. Unlike the movant in *Hayes,* Movant's time for filing his post-conviction motion had already expired under the former rule when the amended rule came into effect. For that reason, Rule 19.06 does not apply to Movant's case and the amended Rule 24.035(b) cannot be applied.

Failure to timely file a Rule 24.035 motion constitutes a complete waiver of any right to proceed under that rule. Rule 24.035(b). Because Movant's Rule 24.035 motion was not properly before the motion court, it was without jurisdiction to review it. *See Crabtree,* 91 S.W.3d at 737. "Moreover, because the trial court lacked jurisdiction to consider [Movant's] motion, this court likewise lacks jurisdiction, requiring us to dismiss his appeal." *Id.* at 738 (citing *Hall v. State,* 992 S.W.2d 895, 898 (Mo.App.1999)).

We dismiss this appeal for lack of jurisdiction.[4]

WILLIAM H. CRANDALL, JR. and CLIFFORD H. AHRENS, JJ., concur.

---

4. Movant also alleged violations of his rights to due process of law, effective assistance of counsel, and access to the courts, as guaranteed by the United States and Missouri constitutions. Because we lack jurisdiction over his motion, we cannot consider the merits of this argument.