In the Missouri Court of Appeals
 Eastern District
 DIVISION FOUR

JERMAINE CONNER, ) ED109181
 )
 Appellant, ) Appeal from the Circuit Court of
 ) St. Louis County
v. ) 18SL-CC04762
 )
STATE OF MISSOURI, ) Honorable John D. Warner, Jr.
 )
 Respondent. ) Filed: August 24, 2021

 Jermaine Conner (Movant) appeals from the motion court’s denial of his Rule 24.035

motion for post-conviction relief without an evidentiary hearing. Movant pled guilty as charged

to forcible rape, in violation of Section 566.030; first-degree child molestation, in violation of

Section 566.067; first-degree felony burglary, in violation of Section 569.160; and misdemeanor

stealing, in violation of Section 570.030. He was sentenced to life in prison for the forcible rape

charge; to be served consecutively with each of the three concurrent sentences of two terms of

fifteen years on the child molestation charge and felony burglary charge and one year for

misdemeanor stealing. Lacking authority to hear a successive motion, we dismiss the appeal.

 BACKGROUND

 This case begins more than a decade ago when the State of Missouri (State) charged

Movant with four counts related to an incident that occurred in 2007: forcible rape, first-degree

child molestation, first-degree burglary, and misdemeanor stealing. When represented by
counsel, Movant entered a guilty plea on February 3, 2009. He admitted to entering the bedroom

window of a five-year-old girl at 3 a.m. He removed her from her bed, carried her into the living

room, forced her to undress and then penetrated her vagina and anus with his penis. Movant also

admitted to taking items from the victim’s house without permission.

 On April 3, 2009, Movant was sentenced to life in prison for the forcible rape charge, to

be served consecutively with each of the three concurrent sentences of two terms of fifteen years

on the child molestation charge and felony burglary charge and one year for misdemeanor

stealing. Movant was informed at the sentencing hearing that he had 180 days from his delivery

to the Department of Corrections (DOC) to file a motion to vacate, set aside, or correct the

judgment or sentence. Movant was delivered to the DOC on April 6, 2009.

 On September 10, 2009, Movant filed a motion in Cause No. 09SL-CC04474 requesting

an extension of time to file his motion to vacate, set aside, or correct the judgment or sentence,

which the court denied on September 24, 2009. The court explained that it was without authority

to extend the 180-day time limit for filing a post-conviction relief motion. Despite the court’s

ruling, Movant filed a pro se Rule 24.035 motion on October 6, 2009, one day out of time. On

October 28, 2009, counsel was appointed, and Movant was granted a request for additional time

to file an amended motion. Movant filed his amended motion on February 18, 2010. On April

15, 2010, the court issued its findings of fact and conclusions of law, dismissing the pro se

motion as untimely, 183 days after Movant was delivered to the DOC.

 On April 23, 2010, in a separate Cause No., 18SL-CC04762, Movant filed another pro se

motion requesting reconsideration, which the court denied on June 29, 2010. Movant sent the

court copies of his pro se motion requesting reconsideration of judgment and asserted the “prison

 2
mailbox rule.” Movant filed a notice of appeal on December 14, 2010, in Cause No. ED96099.

The appeal was dismissed on April 22, 2011.

 Approximately seven years later, in December 2018, Movant filed another pro se motion

for post-conviction relief under Cause No. 18SL-CC04762. On February 13, 2019, Movant’s

counsel filed an entry of appearance in this cause with a motion requesting an extension of time

to file the amended motion, which the court granted. On March 12, 2019, the court granted

Movant’s second request for additional time. The amended motion was timely filed on April 3,

2019, and alleged that Plea Counsel was ineffective. On August 12, 2020, the court dismissed

the motion because it lacked jurisdiction based on its untimely filing.

 On September 24, 2020, this Court granted Movant’s request to file a late notice of

appeal and gave 20 days to file the notice. On October 21, 2020, this Court issued an Order to

Show Cause as to why Movant had not yet filed his notice of appeal, after he was granted the

additional time. On November 10, 2020, Movant’s counsel answered the order explaining that

he was at fault for missing Movant’s deadline. On December 3, 2020, Movant filed his notice of

appeal, which was untimely. On February 10, 2021, this Court gave notice to Movant that his

brief was overdue and the case would be dismissed if the brief was not filed by February 25,

2021. Movant filed for an extension of time, which the Court granted until March 25, 2021. On

March 12, 2021, Movant filed a motion to file a notice of appeal out of time. On March 15,

2021, the Court granted the request, allowing 20 days to file a new notice of appeal, and voided

Movant’s November 10, 2020 notice of appeal. On March 26, 2021, Movant filed his final

notice of appeal, appealing from the August 12, 2020 judgment. This appeal follows.

 3
 DISCUSSION

 In his sole point on appeal, Movant alleges the motion court clearly erred in denying his

Rule 24.035 motion as untimely and successive without holding a hearing because the record is

insufficient to definitively establish whether the filings were in fact untimely. He claims he was

therefore precluded from offering evidence that would establish that the court should accept the

filing as timely filed.

 Standard of Review

 Review of the motion court's dismissal of a movant’s Rule 24.035 post-conviction relief

motion as untimely is limited to a determination of whether the findings and conclusions of

the motion court are clearly erroneous. Rule 24.035(k); Hayes v. State, 139 S.W.3d 261, 263

(Mo. App. W.D. 2004); Edwards v. State, 954 S.W.2d 403, 406 (Mo. App. W.D. 1997). The

motion court's findings and conclusions are presumed correct and will be deemed clearly

erroneous only if, after reviewing the entire record, this court definitely and firmly believes

the motion court made a mistake. Hayes, 139 S.W.3d at 263. The movant bears the burden of

showing that the motion court clearly erred. Cooper v. State, 356 S.W.3d 148, 152 (Mo. banc

2011).

 To be entitled to an evidentiary hearing on a claim of ineffective assistance of counsel, a

movant must show (1) he alleged facts, not conclusions, warranting relief; (2) the facts alleged

raised matters not refuted by the files and record of his case; and (3) the matters complained of

resulted in prejudice to him. Lomax v. State, 507 S.W.3d 619, 625 (Mo. App. E.D. 2016)

(quoting Barnett v. State, 103 S.W.3d 765, 769 (Mo. banc 2003)). An evidentiary hearing may

be denied only when the record conclusively shows that the movant is not entitled to relief.

Cooper v. State, 356 S.W.3d at 152.

 4
 Analysis

 Rule 24.035 provides the exclusive procedure by which a person convicted of a felony on

a guilty plea may seek post-conviction relief. Rule 24.035(a); Vogl v. State, 437 S.W.3d 218,

226 (Mo. banc 2014). As a threshold to achieving post-conviction relief, the movant first must

file a timely Rule 24.035 motion. Rule 24.035(b); see also Price v. State, 422 S.W.3d 292, 296

(Mo. banc 2014). When a pro se motion is filed by an indigent movant, the court shall cause

counsel to be appointed, who must file either an amended motion to compensate for deficiencies

in the pro se motion or a statement explaining the actions counsel took to ensure no amended

motion is needed. Rule 24.035(e); Vogl, 437 S.W.3d at 226.

 A motion filed pursuant to Rule 24.035 “must allege facts showing a basis for relief to

entitle the movant to an evidentiary hearing. The movant also must allege facts establishing that

the motion is timely filed.” Dorris v. State, 360 S.W.3d 260, 267 (Mo. banc 2012) (internal

citations omitted). The movant must also prove those allegations. Vogl, 437 S.W.3d at 226.

The burden of alleging and proving that the motion is timely filed can be met by (1) filing the

original pro se motion timely so the file stamp reflects that it was filed within the time limits

prescribed in the rule; (2) alleging in the original pro se motion and proving by a preponderance

of the evidence that the movant's circumstances fall within a recognized exception to the time

limits; or (3) alleging in the amended motion and proving by a preponderance of the evidence

that the circuit court misfiled the motion. Id. “If the timely filing of an original post-

conviction motion is not proven, the motion court will regard the untimely motion as a ‘complete

waiver’ of any right to proceed under Rule 24.035.” Rule 24.035(b); Vogl, 437 S.W.3d at 226-

27; Price, 422 S.W.3d at 296-97.

 5
 Furthermore, circuit courts are prohibited from reviewing successive motions. Rule

24.035(l). “A motion is successive if it follows a previous post-conviction relief motion

addressing the same conviction.” Turpin v. State, 223 S.W.3d 175, 176 (Mo. App. W.D. 2007).

 Here, Movant untimely filed a post-conviction relief motion after the October 5, 2009

deadline because it was file stamped by the circuit clerk on October 6, 2009. Therefore, it was

properly denied by the motion court. Movant failed to prove by a preponderance of the evidence

that the motion was timely or that an exception to the time limit applied. Dorris, 360 S.W.3d at

267. “An untimely filing is a fatal defect, which cannot be cured and constitutes a complete

waiver of any right to proceed on any claim under Rule 24.035.” White v. State, 91 S.W.3d 154,

156 (Mo. App. W.D. 2002). When Movant then filed a second motion under Rule 24.035, it was

also properly dismissed by the motion court.

 Movant argues the motion court’s conclusion that the pro se motion was filed only one

day out of time was based on insufficient facts in the record. However, Movant fails to

acknowledge that it was his burden to allege facts showing a basis for his relief to entitle him to

an evidentiary hearing, as well as his burden to prove by a preponderance of the evidence that his

motion was timely filed. Movant acknowledges that his original pro se motion stated “only that

he was delivered to DOC ‘on or about’ [April 6, 2009], and there is no documentary evidence

from the Department of Corrections to establish that fact, which is one of the reasons the motion

court’s finding on this point lacked sufficient evidentiary basis.” He further claims in his appeal

that the motion court’s refusal to permit additional evidence on the issue of timeliness is what

allowed it to conclude that it was untimely. However, Movant alleged in his December 2018 pro

se post-conviction relief motion, under question 4(b), that he was delivered to the custody of the

DOC on April 6, 2009; in his April 3, 2019 amended motion, he continued to allege that he was

 6
delivered to the DOC on April 6, 2009, and simply argued why his counsel was ineffective while

representing him during his guilty plea. Movant’s original pro se motion was untimely. Thus,

without any allegations or facts in his amended motion demonstrating timely filing or an

exception to the time limits despite its late filing, the motion court’s conclusion that the pro se

motion was filed one day out of time was not clearly erroneous.

 Further, Movant is appealing from the motion court’s August 12, 2020 dismissal of his

amended motion filed on April 3, 2019. This followed the original April 15, 2010 dismissal of

Movant’s Rule 24.035 motion as untimely, based on the amended motion filed on February 18,

2010. Both motions addressed the same conviction from Movant’s February 2009 guilty plea.

Thus, Movant’s second motion was successive and dismissal was required because “the circuit

court shall not entertain successive motions.” Rule 24.035(l).

 Whereas the circuit court lacked authority to consider Movant’s successive motion, this

Court, too, lacks authority to consider this appeal. Turpin, 223 S.W.3d at 176. Movant’s appeal

is therefore dismissed.

 CONCLUSION

 The appeal is dismissed.

 ____________________________________
 Lisa P. Page, Judge

Michael E. Gardner, P.J. and
James M. Dowd, J., concur.

 7