

# In the Missouri Court of Appeals
# Eastern District

## DIVISION THREE

| | | |
|---|---|---|
| RENO WHITT JR., | ) | No. ED110320 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| v. | ) | Cause No. 19SL-CC05157 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Joseph S. Dueker |
| | ) | |
| Respondent. | ) | Filed: November 1, 2022 |

## Introduction

Reno Whitt appeals the trial court's judgment denying his amended Rule 29.15 motion for post-conviction relief.[1] Whitt's first point on appeal is that the trial court erred by not conducting an independent inquiry into whether Whitt was abandoned by post-conviction counsel. In his second and third points on appeal, Whitt argues the trial court erred in denying his amended motion because trial counsel was ineffective for failing to inform the court of juror misconduct and for failing to ask a particular question on cross-examination of a police officer. We affirm the judgment of the trial court.

---

[1] All Rule references are to the Missouri Supreme Court Rules (2018), unless otherwise indicated.

## Background

On August 14, 2012, police officers responded to reports of cars being broken into at apartment complexes in St. Louis County. As an officer responded to one of the apartment complexes, he saw a red Pontiac meeting the description of the vehicle occupied by the suspects. Reno Whitt was the driver of the red Pontiac, which was also occupied by three passengers. Whitt fled at speeds exceeding 80 miles per hour in a 40-mile-per-hour zone. He ultimately lost control of the red Pontiac and struck an electrical pole. Whitt's front passenger, Ricky Nelson, died from injuries sustained in the crash.

When police approached the red Pontiac, none of the occupants, including Whitt, said anything about a gun in the car. Office Brian Wilcox recovered a .380 caliber semi-automatic pistol from the rear passenger-side floorboard of the red Pontiac.

Whitt was charged in St. Louis County with murder in the second degree (felony murder) for the death of Ricky Nelson, resisting or interfering with arrest, assault of a law enforcement officer in the second degree, and eight counts of tampering with a motor vehicle in the first degree. He was charged as a persistent offender.

A trial jury found Whitt guilty of resisting a lawful stop and three counts of tampering. The jury found Whitt not guilty of assault of a law enforcement officer. The jury failed to return a verdict on felony murder, and the trial court declared a mistrial on that charge.

On July 18, 2016, Whitt was retried for felony murder. At trial, Whitt testified that he was the driver of the red Pontiac. According to Whitt, the other three suspects, including Keith Gray, who Whitt stated he met that night, planned to break into cars at the apartment complexes. Whitt claimed that, when the police arrived, he intended to jump out of the car and run. Instead, Gray, who occupied the rear passenger-side seat, held a gun against Whitt's side and ordered

him to continue driving. Whitt claimed that he believed Gray would have shot him if he attempted to jump out and run, so he had no choice but to continue driving. Whitt alleged that Gray held the gun against Whitt's side until he lost control of the car and crashed. Whitt's trial counsel presented photographs of the pistol retrieved from the rear passenger-side floorboard.

Officer Wilcox testified that he retrieved the pistol from the rear passenger-side floorboard of the red Pontiac. He was not asked, and did not testify to, whether the pistol was loaded.

At the conclusion of the trial, Whitt's trial counsel offered a duress instruction, which the trial court submitted as Instruction No. 7. The court instructed the jury that it must find Whitt not guilty if: (1) Gray threatened the imminent use of physical force against Whitt; (2) this threatened use of force was such that a person of reasonable firmness in the defendant's situation would not have been able to resist; (3) Whitt was thereby coerced into engaging in the underlying felony of resisting a lawful stop; and (4) Whitt did not recklessly place himself in a situation in which it was probable he would be subjected to threatened use of such force.

The jury convicted Whitt of the felony murder of Ricky Nelson. On September 21, 2018, the trial court sentenced Whitt to 30 years in prison, to be served concurrently with his other sentences.

On November 18, 2019, Whitt timely filed his *pro se* Rule 29.15 motion. In his motion, Whitt raised three claims: (1) trial counsel was ineffective for failing to object to the relevance of photographs offered by the State depicting damage to a police car; (2) trial counsel was ineffective for failing to inform the trial court of juror misconduct, specifically that a juror knew one of the State's witnesses but did not inform the court; and (3) trial counsel was ineffective for

3

failing to elicit on cross-examination of Officer Wilcox that the pistol he recovered from the red Pontiac was loaded.

Whitt's post-conviction counsel entered his appearance on March 22, 2021. On May 13, 2021, post-conviction counsel moved for a 30-day extension of time to file an amended Rule 29.15 motion. The trial court did not grant the motion until May 25, 2021, four days after the amended motion was due to be filed. On June 14, 2021, post-conviction counsel moved for another 30-day extension, which the court granted on June 19, 2021. Post-conviction counsel ultimately filed the amended Rule 29.15 motion and a request for an evidentiary hearing on July 21, 2021. The amended motion contained seven claims, including the three claims raised by Whitt in his *pro se* motion.

On January 25, 2022, the trial court entered its findings of fact and conclusions of law denying Whitt's amended Rule 29.15 motion without an evidentiary hearing. Regarding Whitt's three claims of ineffective assistance of trial counsel, the trial court concluded that the State's photographic exhibits were admissible, and trial counsel's failure to object to them did not prejudice Whitt.[2] The court found Whitt's claim regarding counsel's failure to report juror misconduct to be "skeletal" and "barely conclusory." Finally, the court denied Whitt's claim that trial counsel was deficient in cross-examining Officer Wilcox because Whitt did not plead facts warranting relief and the alleged deficiency did not prejudice Whitt.

Whitt now appeals.

**Standard of Review**

Appellate review of a judgment denying a Rule 29.15 motion for post-conviction relief is limited to whether the motion court's findings of fact and conclusions of law are clearly

---

[2] Whitt does not challenge this ruling on appeal.

4

erroneous. Rule 29.15(k). The motion court's findings and conclusions are clearly erroneous only if a full review of the record leaves the reviewing court with "the definite and firm impression that a mistake has been made." *Moore v. State*, 458 S.W.3d 822, 829 (Mo. banc 2015). A movant has the burden to show by a preponderance of the evidence that the motion court clearly erred in its ruling. *Roberts v. State,* 276 S.W.3d 833, 835 (Mo. banc 2009).

## Discussion

Whitt raises three points on appeal. In his first point, Whitt argues the trial court erred by failing to inquire into whether post-conviction counsel abandoned Whitt by untimely filing the amended Rule 29.15 motion. In his second and third points, Whitt argues the court erred by denying the amended motion without an evidentiary hearing on Whitt's claims that trial counsel was ineffective for failing to inform the court of juror misconduct and for failing to cross-examine Officer Wilcox about whether the pistol was loaded.

### *Point One: Abandonment*

Before reaching the merits of this appeal, we first consider Whitt's argument that post-conviction counsel untimely filed the amended Rule 29.15 motion, and the trial court erred in not independently inquiring into whether post-conviction counsel abandoned Whitt. *See Childers v. State*, 462 S.W.3d 825, 827 (Mo. App. E.D. 2015).

At the time Whitt's motions were filed, Rule 29.15 provided that, when a movant files a post-conviction relief motion after a direct appeal, an amended motion must be filed within 60 days of "the earlier of the date both the mandate of the appellate court is issued and: (1) Counsel is appointed, or (2) An entry of appearance is filed by any counsel that is not appointed but

enters an appearance on behalf of movant."[3] Rule 29.15(g); *Hornsey v. State*, 649 S.W.3d 386, 388 (Mo. App. E.D. 2022). "The Supreme Court of Missouri has directed that any motion for an extension of time under Rule 29.15 must be made *and* granted within the time that the amended motion is due." *Jones v. State*, 643 S.W.3d 918, 921 (Mo. App. E.D. 2022) (emphasis in original) (citing *Clemmons v. State*, 785 S.W.2d 524, 527 (Mo. banc 1990)). The motion court may not grant an extension of time after the deadline has passed. *Jones*, 643 S.W.3d at 921.

Here, post-conviction counsel entered his appearance on March 22, 2021, and the amended motion was due to be filed within 60 days, or no later than May 21, 2021. On May 13, 2021, counsel moved for an extension of time to file the amended motion, but the court did not grant the extension until May 25, 2021, four days after the amended motion was due to be filed. Because the motion for extension of time was not both made and granted within the time the amended motion was due, the court could not grant the extension and the amended motion was untimely filed. *See id.* at 922.

As Whitt points out, the untimely filing of an amended Rule 29.15 motion by post-conviction counsel can constitute "abandonment" of the movant.[4] *Moore*, 458 S.W.3d at

---

[3] The current version of Rule 29.15, effective November 4, 2021, increased the filing period from 60 days to 120 days. Whitt presumes the 120-day filing period applies here because he was sentenced on September 21, 2018, and the "schedule" in Rule 29.15(m) states: "This Rule 29.15 shall apply to all proceedings wherein sentence is pronounced on or after January 1, 2018." Whether the filing period is 60 days or 120 days, the parties agree that Whitt's amended motion was untimely filed. We nonetheless briefly address this recurring issue.
In *Hayes v. State*, 139 S.W.3d 261 (Mo. App. W.D. 2004), this Court considered the same issue regarding the 2003 amendment to Rule 24.035 and the schedule in Rule 24.035(m), which stated: "This Rule 24.035 shall apply to all proceedings wherein sentence is pronounced on or after January 1, 1996." The Court explained, "[I]t appears our supreme court included this 'schedule' in Rule 24.035(m) to clarify the applicability of its June 20, 1995 amendment to Rule 24.035, which became effective January 1, 1996. That amendment is not at issue in this case." *Hayes*, 139 S.W.3d at 264. Likewise, our Supreme Court apparently included the schedule in Rule 29.15(m) to clarify the applicability of its 2017 amendment to Rule 29.15, which became effective January 1, 2018, not to clarify the applicability of the current version of Rule 29.15, which did not become effective until November 4, 2021, more than three months after Whitt's amended motion was filed on July 21, 2021. Therefore the 60-day filing period in the version of the Rule in effect when Whitt filed his amended motion applies.

[4] The abandonment doctrine is limited to appointed, unretained counsel. *Gittemeier v. State*, 527 S.W.3d 64, 68-71 (Mo. banc 2017). The record suggests that Whitt's post-conviction counsel was a special public defender presumably

6

825. Generally, when an amended motion is untimely filed, the motion court must conduct an independent inquiry to determine whether the untimely filing was due to post-conviction counsel's abandonment of the movant. *Harley v. State*, 633 S.W.3d 912, 916 (Mo. App. E.D. 2021); *Childers*, 462 S.W.3d at 827. If counsel did not abandon the movant, the deadline for filing the amended motion is not extended and the motion court may consider only the movant's *pro se* motion. *Moore*, 458 S.W.3d at 825. If the movant was abandoned, the amended motion is deemed timely and the motion court may consider only the amended motion. *Id.* at 825-26; *Sanders v. State*, 807 S.W.2d 493, 495 (Mo. banc 1996).

When the motion court fails to conduct the abandonment inquiry, this Court remands for the motion court to do so. *Childers*, 462 S.W.3d at 827. An exception to this rule exists, however, when remand would be pointless because the motion court adjudicated all of the movant's claims in both his *pro se* and amended motions and the movant therefore received all the process he was due. *Bustamante v. State*, 478 S.W.3d 431, 435 n.2 (Mo. App. W.D. 2015) (citing *Childers*, 462 S.W.3d at 828).

Here, the trial court explicitly adjudicated only the claims pleaded in Whitt's amended motion in accordance with Rule 29.15(g), which prohibits the incorporation by reference or attachment of the *pro se* motion. That said, the amended motion independently raised, and the motion court adjudicated, all three of the claims of ineffective assistance of trial counsel raised in the *pro se* motion, along with four additional claims.[5] Indeed, post-conviction counsel included

---

unretained, but is otherwise unclear regarding his appointment by any court. The State does not argue the abandonment doctrine is inapplicable here because counsel was not appointed, and we do not consider the issue.

[5] The only substantive variation in the claims raised in both motions was in the claim that counsel failed to object to the relevance of photographs depicting damage to the police car. In his *pro se* motion, Whitt mis-identified the photographs as State's exhibits 11 to 17, but exhibit 11 was not a photograph of the police car and there is no indication in the record that exhibits 12 and 13 were ever offered or admitted. Counsel's amended motion corrected Whitt's error and accurately identified the photographs as State's exhibits 14 to 17. Regardless, Whitt does not maintain either variation of this claim on appeal. While Whitt's second and third points on appeal allege ineffective assistance of trial counsel, neither of those points raises trial counsel's failure to object to any of exhibits 11 to 17.

Whitt's claims from the *pro se* motion in the amended motion for the explicit purpose of complying with the requirement in Rule 24.035(e) to include all claims known to the movant. *See Reynolds v. State*, 994 S.W.2d 944, 946 (Mo. banc 1999). He did so while acknowledging the tension with counsel's duty to present only non-frivolous claims. *See Weekley v. State*, 265 S.W.3d 319, 321 n.4 (Mo. App. S.D. 2008).

Remand for an abandonment inquiry would be pointless because the trial court adjudicated all of Whitt's claims in both his *pro se* and amended motions.[6] We therefore turn to the merits of the trial court's denial of Whitt's claims of ineffective assistance of counsel.

Point I is denied.

### Point Two: Juror Misconduct

In his second point, Whitt argues the trial court erred in denying his amended motion without an evidentiary hearing because trial counsel was ineffective for failing to inform the court of juror misconduct.

To succeed on a claim of ineffective assistance of counsel, a movant must show by a preponderance of the evidence facts, not mere conclusions, demonstrating: (1) counsel failed to conform to the degree of skill, care, and diligence of a reasonably competent attorney under similar circumstances, and (2) counsel's deficient performance prejudiced the movant. *McLaughlin v. State*, 378 S.W.3d 328, 337 (Mo. banc 2012); *Strickland v. Washington*, 466 U.S. 668, 687 (1984). If a movant fails to satisfy either element of the test, he is not entitled to relief. *Creighton v. State*, 520 S.W.3d 416, 422 (Mo. banc 2017). A movant is entitled to an evidentiary

---

[6] Also, the record demonstrates that post-conviction counsel did not abandon movant by untimely filing either a motion for an extension of time or an amended Rule 29.15 motion. Rather, counsel timely filed a motion for an extension of time, but the motion court did not grant the motion until after the deadline for filing the amended Rule 29.15 motion had expired. *See Scrivens v. State*, 630 S.W.3d 917, 918 n.2 (Mo. App. S.D. 2021) (concluding remand for abandonment inquiry unnecessary because counsel did not abandon movant, rather motion court failed to grant motion for extension of time until after deadline expired, and substance of movant's *pro se* claims were included in amended motion and adjudicated by court).

hearing only if: (1) the motion alleges facts, not conclusions, warranting relief; (2) the facts alleged are not refuted by the record; and (3) the matters complained of resulted in prejudice to the movant. *Id.*

Here, Whitt's amended motion failed to allege facts, not mere conclusions. The extent of Whitt's claim was that, during trial, a juror informed another juror that he knew one of the State's witnesses, but the juror did not disclose that fact to the court. Whitt claimed that he advised trial counsel of the juror's misconduct, but trial counsel did not advise the court.

The amended motion lacks any additional facts regarding, for example, how Whitt learned that the juror knew the witness, the identities of the jurors or the witness, how and to what extent the juror knew the witness, whether the juror's non-disclosure was intentional, whether the witness testified at trial, and whether the non-disclosing juror was a member of only the jury venire or also of the *petit* jury.[7] *See State v. Ess*, 453 S.W.3d 196, 203 (Mo. banc 2015) (stating defendant's right to fair trial violated when non-disclosing juror served on jury that ultimately convicted defendant after intentional non-disclosure); *State v. Jackson,* 313 S.W.3d 206, 209 (Mo. App. E.D. 2010) (stating venireperson's friendship with witness, in itself, does not require venireperson be stricken for cause, unless knowledge, acquaintance, or friendship would preclude venireperson from reaching verdict based only on evidence).

Whitt's conclusory allegation omits any facts showing that trial counsel's performance was deficient or that any such deficiency prejudiced Whitt. *See McLaughlin*, 378 S.W.3d at 337; *Creighton*, 520 S.W.3d at 422. The trial court did not clearly err in denying without a hearing

---

[7] In his *pro se* Rule 29.15 motion, Whitt identified Juror No. 40 as the juror in question. The amended motion conceded, however, that Juror No. 40 responded during *voir dire* that he knew one of the State's witnesses, the assistant medical examiner, and that Juror No. 40 was not a member of the *petit* jury.

9

Whitt's claim of ineffective assistance of trial counsel for counsel's failure to inform the court of juror misconduct.

Point II is denied.

### *Point Three: Cross-Examination*

In his third and final point, Whitt argues the trial court erred in denying his amended motion without an evidentiary hearing because trial counsel was ineffective for failing to cross-examine Officer Wilcox regarding whether the pistol he recovered was loaded. Whitt assumes Officer Wilcox would have testified the pistol was loaded and insists that testimony would have supported his affirmative defense of duress.

Our review is governed by the already familiar *Strickland* standard. More specifically, when a movant claims that counsel failed to elicit additional testimony or to sufficiently cross-examine a witness, the movant must specifically allege and prove the information his attorney failed to elicit, that reasonable questioning would have revealed it, and how that information would have aided his position. *See Kelley v. State*, 618 S.W.3d 722, 742 (Mo. App. W.D. 2021).

Whitt's amended motion concluded, without any supporting facts, that Officer Wilcox would have testified the pistol was loaded. Whitt offered no proof, let alone any suggestion in the record, that the pistol was loaded, that reasonable cross-examination of Officer Wilcox would have revealed that fact, or how that fact would have aided his defense. Any one of those pleading deficiencies was sufficient for the trial court to deny Whitt's claim.

Even if Whitt's assumption were correct and Officer Wilcox would have testified the pistol was loaded, that fact is immaterial. Instruction No. 7 instructed the jury on the elements of the duress defense. Those elements included that a person of reasonable firmness in Whitt's situation would not have been able to resist the threatened use of force, and that Whitt was

10

thereby coerced to resist a lawful stop.[8] *See* RSMo. § 562.071 (2017) (codifying elements of duress affirmative defense).

The elements focus on Whitt's state of mind, that is, the situation in which Whitt found himself and whether Whitt was coerced. Regarding his state of mind, Whitt testified to his belief that Gray would have shot him if he attempted to jump out and run, so he had no choice but to continue driving. The relevant fact is not whether Officer Wilcox found the pistol loaded, but whether Whitt knew, or could have known, that the pistol allegedly pressed into his side from behind while he was fleeing from police was loaded. Officer Wilcox could not testify to that fact, and no amount of cross-examination would have changed that. Thus, Whitt failed to demonstrate how further cross-examination of Officer Wilcox would have aided his position, or how counsel's failure to engage in further cross-examination prejudiced him. *See McLaughlin*, 378 S.W.3d at 337; *Kelley*, 618 S.W.3d at 742.

Finally, Whitt does not direct us to any basis in the record, including his own first-hand knowledge, to suggest the pistol was in fact loaded. Remarkably, Whitt testified at trial, and he did not say whether the pistol was loaded. That leaves the obvious impression that Whitt either did not know whether the pistol was loaded or knew the pistol was unloaded. In either event, trial counsel's opting not to ask Officer Wilcox that question seems a prudent strategy. *See Shockley v. State*, 579 S.W.3d 881 (Mo. banc 2019) (stating reasonable choices of trial counsel cannot serve as basis for claim of ineffective assistance, and only in exceptional case will court hold strategic choice unsound).

---

[8] We express no opinion regarding the propriety of the duress instruction in this second-degree felony murder case, in which the instruction was directed at the underlying felony of resisting a lawful stop. *See* RSMo. § 562.071.2 (2017) ("The defense of 'duress' as defined in subsection 1 is not available . . . [a]s to the crime of murder."); *State v. Rumble,* 680 S.W.2d 939, 942 (Mo. banc 1984) ("We conclude that § 562.071.2 expressly prohibits the availability of duress as a defense to first degree felony murder.").

Whitt's conclusory allegation is insufficient to show that trial counsel's performance was deficient or that any such deficiency prejudiced Whitt. The trial court did not clearly err in denying without a hearing Whitt's claim of ineffective assistance of trial counsel for counsel's failure to cross-examine Officer Wilcox regarding whether the pistol was loaded.

Point III is denied.

## Conclusion

For the reasons set forth above, the judgment is affirmed.

_____
Cristian M. Stevens, J.

Gary M. Gaertner, Jr., P.J., and
John P. Torbitzky, J., concur.