

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| TAMELL CAMPBELL, | ) | No. ED110661 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | St. Charles County |
| vs. | ) | 1911-CC00070 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Michael J. Fagras |
| | ) | |
| Respondent. | ) | Filed: June 27, 2023 |

Kelly C. Broniec, P.J., Philip M. Hess, J., and James M. Dowd, J.

## Introduction

Appellant Tamell Campbell appeals the motion court's denial after an evidentiary hearing of his amended Rule 24.035 motion for post-conviction relief in which he claimed that plea counsel promised him that his fourteen-year sentence on the underlying first-degree robbery conviction would be reduced by way of a credit for the time he had already served. We find no clear error and affirm in light of the motion court's findings (1) that Campbell's testimony at the evidentiary hearing in this regard was not credible, and (2) that plea counsel's testimony that he did not make such a promise was credible.

## Background

In the underlying matter, Campbell pleaded guilty to robbery in the first degree and received a fourteen-year sentence. In return for his guilty plea, the state dismissed an armed

criminal action charge. In Campbell's Rule 24.035 motion, he alleged that plea counsel was ineffective for promising Campbell that he would receive credit for time served, a representation that Campbell claims he relied on in accepting the State's plea deal thus rendering his guilty plea unknowing and involuntary.

At the October 29, 2018, plea hearing, but *after* the plea court had already accepted Campbell's guilty plea and issued its sentence, Campbell asked plea counsel, "Will my time that I've been in already, would that still be -". Responding before Campbell finished his question, plea counsel assured Campbell he would receive credit for time served. At the evidentiary hearing on this motion, counsel conceded that he misspoke because he incorrectly thought that Campbell was asking whether his fourteen-year sentence would run concurrently with or consecutively to the life sentence he received on his conviction for murder in the first degree in September 2016 in the City of St. Louis.

Campbell also claims that *before* his guilty plea and sentence, plea counsel made the same assurance to him. Specifically, Campbell claims that plea counsel told him that he would receive credit off of his fourteen-year sentence for the 719 days he already served on those charges and that he would not have accepted the plea deal and pleaded guilty if he knew he would not get credit for time served. The court found Campbell's claim in this regard to be unreliable in light of Campbell's representations in his written plea petition and in his testimony to the plea court that other than the plea deal no promises were made to him to induce him to plead guilty. In contrast, the motion court found to be credible counsel's testimony that he did not make any promise to Campbell about credit for time-served and that it was his general practice to make no representations to his clients regarding time-served credits.

2

## Standard of Review

When reviewing the denial of a Rule 24.035 motion for post-conviction relief, our task is to determine if the motion court's findings of fact or conclusions of law are clearly erroneous. *Bollinger v. State*, 144 S.W.3d 335, 336 (Mo. App. E.D. 2004); Rule 24.035(k). For findings or conclusions to be clearly erroneous, we must be left with the definite and firm impression that a mistake has been made. *Ross v. State*, 335 S.W.3d 479, 480 (Mo. banc 2011).

To demonstrate ineffective assistance of counsel in regard to a guilty plea, the appellant must satisfy the two-part *Strickland* test: (1) Appellant must show that counsel's performance did not conform to the degree of skill, care, and diligence of a reasonably competent attorney; and (2) as a result, he was prejudiced. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Pettis v. State*, 212 S.W.3d 189, 193 (Mo. App. W.D. 2007). The movant bears the burden of proving the asserted post-conviction claims for relief by a preponderance of the evidence. *Johnson v. State*, 406 S.W.3d 892, 898 (Mo. banc 2013). Furthermore, we defer to the credibility determinations made by the motion court with regard to testimony given during an evidentiary hearing on a post-conviction relief motion. *In re Adoption of W.B.L.*, 681 S.W.2d 452, 455 (Mo. banc 1984); *Rueger v. State*, 498 S.W.3d 538, 543 (Mo. App. E.D. 2016).

## Discussion

Campbell's sole point on appeal is based on two representations by his plea counsel, the first one Campbell claims occurred *before* the plea hearing, and the second one took place on the record *after* the plea hearing. As for the first one, Campbell claims that plea counsel was ineffective because he promised Campbell that he would receive credit against his fourteen-year sentence with the 719 days of jail time he served while he awaited trial or, in this case, the plea. Inasmuch as Campbell's plea counsel, at the evidentiary hearing, denied making such a promise

3

and the motion court found that testimony credible, we affirm the judgment denying Campbell's Rule 24.035 motion for post-conviction relief as to this claim. As for the second representation, the motion court properly rejected Campbell's claim since the representation occurred *after* the plea and sentencing such that counsel's statement "could not have induced" Campbell to plead guilty.

A plea must be a voluntary expression of the defendant's choice and a knowing and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences of the act. *Roberts v. State*, 276 S.W.3d 833, 836 (Mo. banc 2009) (citing *State v. Hunter*, 840 S.W.2d 850, 861 (Mo. banc 1992)); *Bequette v. State*, 161 S.W.3d 905, 907 (Mo. App. E.D. 2005). A guilty plea is not made voluntarily if the movant was misled, or was induced to plead guilty by fraud or mistake, by misapprehension, fear, persuasion, or the holding out of hopes which prove to be false or ill-founded. *Roberts*, 276 S.W.3d at 836 (citing *Bequette*, 161 S.W.3d at 907–08).

When a defendant pleads guilty, he generally waives any claim that counsel was ineffective. *Steger v. State*, 467 S.W.3d 887, 891 (Mo. App. E.D. 2015) (citing *Worthington v. State*, 166 S.W.3d 566, 573 (Mo. banc 2005)). In fact, the effectiveness of counsel becomes irrelevant except to the extent that it infringes upon the voluntariness and knowledge with which the guilty plea was made. *Id.*; *Booker v. State*, 552 S.W.3d 522, 531 (Mo. banc 2018). Thus, to succeed on a Rule 24.035 motion, the movant must show by a preponderance of the evidence that his plea of guilty was rendered involuntary by the action or inaction of his plea counsel. *See Glover v. State*, 477 S.W.3d 68, 76 (Mo. App. E.D. 2015).

In light of the foregoing authorities, Campbell has failed to establish that the motion court clearly erred by denying his claim. Dispositively, the motion court found to be unreliable

4

Campbell's testimony that counsel promised that he would receive a time-served credit, but the court found to be credible plea counsel's testimony that he made no such promise. On this record, we cannot convict the motion court of any error and certainly not clear error in determining that no ineffective assistance of counsel occurred.

Finally, we note that since Campbell is also serving a life sentence on his 2016 convictions for murder in the first degree and armed criminal action for which he was sentenced to life without the possibility of parole plus thirty years, this appeal is largely an academic exercise.

## Conclusion

For the foregoing reasons, we affirm the motion court's judgment denying Campbell's Rule 24.035 motion for post-conviction relief.

James M. Dowd, Judge

Kelly C. Broniec, P.J., and
Philip M. Hess, J. concur.

5